But the petitioners themselves had power to redeem, during this time. Their interest was not a bare possibility, or even a contingent remainder, but a fee vested in them, liable, however, to be defeated, for the support of the widow.

BY THE COURT,

The judgment was affirmed.

1804.

LOCKWOOD
v.
LOCKWOOD.

Day.
1d 299
60 512

## Bishop *v.* Selleck.

### In the Court below,

JACOB BISHOP, HENRY WEED, and MARY his wife, in her right, DEODATE WEED, and SARAH his wife, in her right, MOSES MATHER, 2d, and SALLY his wife, in her right, EBENEZER BISHOP, ABRAHAM HAWLEY, ISAAC HAWLEY, CHARLES SELLECK, RHENA BISHOP, LAVINA BISHOP, ISAAC BISHOP, ABRAHAM BISHOP, and HANNAH BISHOP, *Plaintiffs ;* JESSE SELLECK, *Defendant.*

THIS was an action of ejectment, for sixteen acres of land in Stamford.

The defendant made a special plea, in which the whole case was fully stated, and admitted, on the part of the plaintiffs, by a demurrer. On the 9th of May, 1757, *John Bates* made his will, by which, after giving to his two eldest sons a small tract of land, he devised to his other sons, and to his daughters, of whom *Sarah Selleck* was one, the rest of his estate, real and personal, to be divided among them in certain specified proportions. He then made provision for the payment of his daughters' proportions out of his personal estate, so far as it

A devise of lands to A. for life, remainder to her *heirs,* and their assigns, forever, vests a fee-simple in A.

*1804.*

*BISHOP*
*v.*
*SELLECK.*

should be sufficient, and directed, that what should be wanting should be made up to them out of his real estate, which the sons should have four years to redeem. The following clause was then subjoined : " But what " land shall be set out to my daughter, *Sarah Selleck*, to " make her half so good as one of her brethren, shall not " be redeemed, but shall be *to her heirs*, and their as- " signs, forever, and I give only the *use* of it to her, du- " ring her natural life." The testator died before June 5th, 1759, and on the 11th of April, 1760, the demanded premises were distributed to *Sarah Selleck* under the will. From *Sarah Selleck* the defendant deduced his ti- tle, by a regular chain of conveyances. The plaintiffs claimed title as heirs at law of *Sarah Selleck*. The ques- tion in the case was, whether *Sarah Selleck*, under the will, took a fee-simple, or a life estate ? (*a*) The Superi- or Court decided, that she took a fee-simple, and ad- judged the defendant's plea sufficient.

*Edwards*, (of New-Haven) for the plaintiffs, contended, that by the word " *heirs*," in the devise, was not meant the whole inheritable blood of *Sarah Selleck*, but her children, and was, therefore, *descriptio personarum.*

*Daggett*, and *R. M. Sherman*, for the defendant, con- tended, that the rule in *Shelly's* case (*b*) is the true rule, *viz.* that where *a freehold estate* is given to a person, and, in the same instrument, is limited *to his heirs*, the heirs take by *descent*, and not by *purchase*. In support of this doctrine, they cited *Bowles' case*, (*c*) *Wright* v.

(*a*) There was another question made, *viz.* whether *Sarah Sel- leck* did not get the estate by a deed ? That question depended upon this, whether a freehold estate could commence *in futuro* ? It was the opinion of the S. C. E. that it could not.

(*b*) 1 *Co.* 104.                    (*c*) 11 *Co.* 79.

Pearson, (d) *Hargrave's Law Tracts*, 501, *Dean* v. *Gillot*, (e) *Bale* v. *Coleman*, (f) *Bagshaw* v. *Spencer*, (g) *Butterfield* v. *Butterfield*, (h) *Garth* v. *Baldwin*, (i) *Colson* v. *Colson*, (j) and *Hayes* v. *Foorde*. (k)

1804.

BISHOP
*v.*
SELLECK.

BY THE COURT,

The judgment was affirmed.

(d) Cited in *Jones* v. *Morgan*, and reported in a note, 1 *Brown's Ch. Ca.* 212.

| | | |
|---|---|---|
| (e) 2 *Term Rep.* 431. | (f) 1 *P. Wms.* 142. | (g) 1 *Ves.* 142. |
| (h) 1 *Ves.* 154. | (i) 2 *Ves.* 646. | (j) 2 *Atk.* 246. |
| (k) 2 *Bla. Rep.* 698. | | |

# Webb *v.* Danforth.

In the Court below,

EDWARD DANFORTH, *Plaintiff;* WILLIAM WEBB, RICHARD PRICE, and FREDERICK ROBBINS, *Defendants.*

THIS was an action of trover, stating, that the plaintiff was, on the 1st of August, 1801, possessed of the one undivided half of a vessel, and her appurtenances, the other half of which was owned by the defendants, as tenants in common with the plaintiff. On the 26th of said August, the plaintiff lost the same, which came into the defendants' hands by finding, and they neglected and refused to deliver it, though demanded. On the 22d of October, and on the first of November, 1801, the defendants converted and disposed of the said half of the vessel to their own use, &c.

Upon trial of this cause to the jury, on the general issue, the plaintiff claimed by virtue of a bill of sale,

*An action of trover cannot be sustained by one tenant in common, against his co-tenant, unless the property be destroyed.*

*A party to an instrument may be a witness to facts, subsequent to the execution thereof, which tend to invalidate it.*