ADAM *vs.* THE AMES IRON COMPANY AND OTHERS.

The established rule of the common law, (by which the writ of partition would lie only between coparceners,) that the plaintiff must be in possession, or seized, of the land when the writ was brought, has, since the remedy by partition has been extended to joint tenants, and tenants in common, been uniformly adopted, whether the remedy is sought by writ, or by bill in equity.

The statute of this state, authorizing the superior court, as a court of equity, to order a partition of real estate held in joint tenancy, tenancy in common, or coparcenary, does not introduce a different rule.

Adam *v.* The Ames Iron Company and others.

Although, from the peculiar and intimate connection existing between tenants in common of real estate, the proof of an ouster by one tenant of another, ought to be of the most satisfactory nature, yet where the plaintiff brought a bill in equity for a partition of land, claimed by him to be held by him and the defendants in joint tenancy, and such bill was referred to a committee, whose report, if it did not positively find the fact of such ouster in terms, embraced conclusive evidence of that fact; it was held, that, as the plaintiff was not in possession of the premises, when such bill was brought, it ought to be dismissed.

This was a bill brought to the superior court for the county of Litchfield, by John Adam, against the Ames Iron Company and others, alleging that the plaintiff was tenant in common in fee simple with the defendants, of a certain tract of land, situated in the town of Salisbury, in said county, the plaintiff owning five undivided eighths thereof, and the defendants the remainder, and praying for a partition of said premises among the several owners of the same.

To this bill, the Ames Iron Company, and Horatio Ames, one of the defendants, filed an answer, alleging, among other matters, that said premises had been occupied and possessed by them, or by those under whom they, or one or the other of them, claimed title thereto, for more than forty years, believing that they had good title thereto, by purchase, for the full value of said premises, that they were the owners of said premises, and that the plaintiff had no title therein, as tenant in common, or otherwise.

At the term of said superior court, holden in February, 1855, the cause was referred to a committee, who made their report at a subsequent term of said court, where the case was reserved for the advice of this court.

The material facts, found by the committee, are stated in the opinion of the court.

*Peet* and *Warner*, for the plaintiff.

1. It is not necessary, in Connecticut, that the plaintiff should be in possession of the premises, in order to bring a petition for a partition. Rev. Stat., 480.

2. The defendants have no title by deed to the premises in question. The reception of rents and profits, by one co-tenant, is not enough to amount to an ouster of his co-tenant, but there must be some open, notorious act, such as a resistance to entry, or forcibly turning out of possession, in order to amount to an ouster. 1 Sw. Dig., 108. *Allen* v. *Hall*, 1 McCord, 131. *Story* v. *Saunders*, 8 Humph., 663. *Thomas* v. *Pickering*, 1 Shep., 337.

3. The evidence of exclusive claim of title, must be of the strongest kind, to establish an ouster of a co-tenant. 1 Sw. Dig., 108. *Barnard* v. *Pope*, 14 Mass. R., 434. There must be strict proof, not only that the first possession was under a claim of title hostile to the co-tenant, but that such hostility has existed and continued. Where there is no such avowed hostility, the law presumes that the possession is held in subservience to the co-tenant. 1 Sw. Dig., 168, 169. *Barnard* v. *Pope*, 14 Mass. R., 434. *Brown* v. *Wood*, 17 Mass. R., 68. 1 Pick., 114. 7 Verm., 12. 9 Conn. R., 241, 530. *Lloyd* v. *Gordon*, 2 Hars. & McHen., 254. 5 Wheat., 116.

In the present case, the statute of limitations never commenced running, because there has never been an ouster, or denial of possession. All the facts found by the committee show that there never was even an exclusive claim of possession; and the contracts of 1842 and 1844, estop the defendants from denying that their possession has not been in subservience to the rights and possession of the heirs of Forbes.

4. Partition of real estate, held in common, is matter of right, notwithstanding the difficulty of making it. *Scoville* v. *Kennedy*, 14 Conn. R., 348. 2 U. S. Dig., 637, § § 128, 130, 135.

*J. H. Hubbard*, for the defendants.

1. The plaintiff can not have partition of the premises, because, at the date of his bill, he was ousted of possession, by the entry, and adverse holding, of the entire property, by

the Ames Iron Company, in denial and defiance of the pretended right of the plaintiff. A party, out of possession in such manner, can neither convey, nor bring use and occupation, nor have partition. He must first get possession. This plaintiff is asking for partition on a mere pretended title. The remedy of the plaintiff, if any, is by an action of ejectment. Sw. Dig., 108.

2. The Ames Iron Company have become, and are, the absolute owners of the entire estate in the land by occupancy, and adverse possession of more than seventeen years.

3. The writing, which was signed by Oliver Ames, at the instance of the heirs of Nathaniel Church, has reference to that part of the original privilege, occupied, without any pretended right, to which it is limited and confined.

STORRS, J.   We do not consider it necessary to examine the question as to the title to the premises sought to be aparted, which has been raised before us, because we are of opinion that this bill should be dismissed, on the ground that, when it was brought, the plaintiff was not in possession of said premises.

It was an established rule of the common law, by which the writ of partition would lie only between coparceners, that the plaintiff must be in possession, or seized, of the land when the writ was brought. Co. Lit., 167, a; and since the remedy by partition has been extended to joint tenants, and tenants in common, the same rule has been uniformly adopted, whether the remedy was sought by writ or bill in equity. 1 Sw. Dig., 103. Our statute, authorizing the superior court, as a court of equity, to order partition of real estate, held in joint tenancy, tenancy in common, or coparcenary, does not introduce any different rule on this subject.

The committee, in this case, find the following facts. In 1790, S. Forbes and N. Church became tenants in common, in fee, of the premises described in the bill. In 1836, Church died, having had, for many years before his death, the charge

of said premises, and rented the house standing thereon, and cultivated and occupied the land; but there was no evidence to show whether he had ever accounted to Forbes for his proportion of the rents and profits, or that he had ever claimed the sole title, or denied the title of Forbes to the premises. The whole of the premises was inventoried, and distributed, as the estate of Church, to his heirs; and in 1837, after said distribution, Oliver Ames contracted, by parol, with the distributees, for the purchase thereof—under which contract, said Oliver immediately went into the possession and occupancy thereof, and he, and those claiming under him, including the Ames Iron Company, defendants in this suit, in whom all the title of Church has become vested by regular conveyances, have ever since remained in the sole and uninterrupted possession of the premises, the purchasers and grantees thereof having always claimed the sole title, and denied the right of all others thereto, unless the agreement of July 23, 1844, to which we shall hereafter advert, constituted an admission of the same. In July, 1844, the heirs of Forbes never having, since his death, which occurred in 1827, occupied or made any claim to the premises, and the plaintiff, having no knowledge that the title of said heirs to an undivided part thereof was ever questioned, or denied, by any person, the said Oliver Ames commenced the erection of a dwelling-house on the premises, when the plaintiff, one of those heirs, notified him that he, and the other heirs of Forbes, had a right and title thereto, and requested him to acknowledge that right, or to pay them some rent, if it was but a pepper-corn, which the said Oliver refused to do, claiming that he had bought the land of the heirs of Church, who claimed to be the owners of it, and that by purchase, he, the said Oliver, had acquired the title; which was the first actual notice he had received of any claim to the premises by the heirs of Forbes, or the plaintiff.

With respect to the agreement of July 23, 1844, we do not think that it changed the character of the possession of

Adam *v.* The Ames Iron Company and others.

Oliver Ames, or constituted any admission by him of a title in the heirs of Forbes. Its only object was, to provide that, if there should be an adjudication that the heirs of Forbes and Church owned the land as tenants in common, the said Oliver, who claimed under some of the heirs of Church, should not lose his house placed on it, but that the land, on which it stood, should, on a partition, be set to him.

Whatever may have been the character of the possession of the premises, prior to July, 1844, when the heirs of Forbes requested Oliver Ames to recognize their title, it is clear that, since that time, there has been a constant actual ouster of those heirs by the said Oliver, and the Ames Iron Company claiming under him, who have, from thence to the present time, been in the open, exclusive, uninterrupted, and adverse possession of the premises, expressly claiming the sole title in themselves, and denying the title of said heirs. We concur fully with the authorities which determine that, from the peculiar and intimate connection existing between tenants in common of real estate, the proof of an ouster, by one of another of them, ought to be of the most satisfactory nature; but in this case, if the fact of such ouster is not positively found by the committee, the evidence of it is strong enough to satisfy the strictest requirements, on a question of this kind.

As, therefore, the plaintiff was not in possession of the premises when this bill was brought, it should be dismissed, and the superior court is so advised.

In this opinion, the other judges, WAITE and HINMAN, concurred.

Bill dismissed.