STEPHANIE MELCHER *v.* WALTER J. MELCHER ET AL.

SUPERIOR COURT    NEW HAVEN COUNTY    FILE NO. 109563 F.R.
AT NEW HAVEN

Memorandum filed January 9, 1970

*Howard F. Zoarski,* of New Haven, for the plaintiff.

*Resnik & Driscoll,* of New Haven, for the defendants.

PASTORE, STATE REFEREE. The original complaint contained two counts, the first of which was withdrawn on September 24, 1969. The second count was recast into the amended complaint filed on

September 24, 1969, with consent of the defendants. The plaintiff and the defendant Walter J. Melcher were divorced after the bringing of this action.

The amended complaint, dated October 2, 1969, alleges in part that the plaintiff and the defendant Walter J. Melcher are "owners in fee . . . and in possession . . . as joint tenants with right of survivorship" of the property in question. It further alleges that at the time the property was acquired by them the defendant Katherine Melcher "reserved a life use to a suitable apartment in said building located on said premises." The defendant Katherine Melcher has demurred to this complaint on the ground, in part, that it does not allege that she holds the property in joint tenancy, tenancy in common or coparcenership; that the partition between the coowners of the fee must be made subject to her life use; and that the amended complaint sets forth no cause of action against her. The defendant Walter J. Melcher has not yet filed an answer or other pleading.

The amended complaint does not show whether the life use of the defendant Katherine Melcher involves the whole or only a part of the property, and, if only a part of it, whether the plaintiff's interest in fee relates to the same part as, or a different part than, the portion subject to the life use. The allegation of the amended complaint that the life use is to a "suitable apartment in said building located on same premises" is consistent with both an involvement of the whole property and an involvement of only a part thereof. These questions are relevant to the issue whether there is unity of possession between the plaintiff and the life tenant, a prerequisite of a partition in the premises.

In *Culver* v. *Culver*, 2 Root 278, where a widow was seized of a life interest with remainder to those

persons who were parties to the proceedings in partition, it was held that the plaintiff remaindermen in fee were not entitled to partition during the life of the life tenant in possession because the legal title and possession were in her and not in the plaintiff remaindermen, the court stating that "it will be time enough for them [the remaindermen] to have partition to said lands when they shall have the possession and title." In *Adam* v. *Ames Iron Co.*, 24 Conn. 230, 233, a bill in equity under the statute for a partition of real estate where the plaintiff alleged he was a tenant in common with the defendants, the plaintiff was denied partition because, when the action "was brought, the plaintiff was not in possession of said premises."

In *Harrison* v. *International Silver Co.*, 78 Conn. 417, a suit for a sale of real estate alleged to be owned by the parties as tenants in common, and requesting division of proceeds under a statute (now, as amended, General Statutes § 52-500) providing that a court of equity may order a sale rather than partition of real estate owned by two or more persons when that would better promote the interests of the owners, it was held that unity of possession was essential to the maintenance of a suit for partition or sale. The court stated (p. 421): "A person claiming to own land as tenant in common with others . . . must establish a unity of possession before he can ask a dissolution of that unity by partition." This principle applies likewise to a situation of joint tenancy such as is claimed in the instant case. As to the effect of a divorce on an existing joint tenancy, see *Adam* v. *Ames Iron Co.*, supra, as well as General Statutes § 47-14g.

In *Harrison,* the court further stated (p. 420) that the statute which empowered a court of equity, upon petition of any person interested, to order the sale

of any estate, real or personal, owned by two or more persons, when, in the opinion of the court, "the sale will better promote the interests of the owners," meant, so far as it related to land, that "the power to order a sale in such case rested on the same ground as the power to order a partition, and was an alternative mode of relief in cases where an owner was entitled to partition and partition was not practicable," citing *Johnson* v. *Olmsted,* 49 Conn. 509, 517.

In an annotation, 171 A.L.R. 932, "Possessory Requirements for Cotenants' Suit for Partition," in § 2 (a), relating to the necessity of actual or constructive possession generally, it is stated, in discussing the history of the possessory requirement (p. 936): "A distinctive feature of a cotenancy . . . is a unity of possession or seisin of the realty, the right of possession being an essential element of all cotenancies. The factor of possession, or right thereto, necessary to the existence of a cotenancy, in turn became one of the prerequisites to compulsory partition, the rule being established and recognized at common law and in equity practice, as well as under statutes not inconsistent therewith, that in order to maintain an action for partition, the petitioner must have either actual or constructive possession of the land which is the subject matter of the suit." See also Restatement, 2 Property §§ 170, 174 & comment b at p. 673.

It is elementary that the demurrer here addresses itself to the facts alleged in the amended complaint. While the complaint shows the defendant Katherine Melcher to hold a life estate and therefore to own an estate in possession, it is with relation to an "apartment in a building on said premises" and therefore is not necessarily an estate in possession in the same property or portion thereof as that of which the plaintiff alleges to have possession.

Whether there is an operative unity of possession by the plaintiff and the defendant life tenant, that is, whether each owns an estate in possession in the sense of a concurrent right of present possession to the same property or portion thereof so as to warrant partition under General Statutes § 52-495, and whether such a partition by division is not practicable, thus justifying a sale under General Statutes § 52-500, cannot be determined on the pleadings but must await facts to be proven on trial.

The demurrer is addressed to the substance of the complaint. If any facts which are provable under the allegations of the complaint support a cause of action relied upon, the demurrer must fail. *Blakeslee* v. *Board of Water Commissioners,* 106 Conn. 642, 649.

The view above taken makes not necessary a determination of the part of the demurrer addressed to the prayers for relief.

Accordingly, the demurrer of the defendant Katherine Melcher is overruled.