HELEN WILCOX PENFIELD *v.* ADELINE PENFIELD JARVIS ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and HEALEY, Js.

Argued April 5—decision released July 25, 1978

*John L. Bonee III,* with whom were *Burton A. Greenspan* and, on the brief, *John L. Bonee,* for the appellant (plaintiff).

*Robert C. Danaher,* with whom, on the brief, was *Frederick B. Tedford,* for the appellees (defendants).

COTTER, C. J. The plaintiff brought this action for a partition by sale of real property pursuant to § 52-500 of the General Statutes.[1] The court sustained the defendants' demurrer to the first prayer for relief sought in the complaint, and, on the plaintiff's failure to plead over, rendered judgment for the defendants, from which the plaintiff has appealed.

The validity of a court's ruling sustaining a demurrer is determined upon the basis of the facts which may properly be proved under the allegations demurred to; and such facts are to be given the same favorable construction that the trier would adopt in admitting evidence. *Kirwan* v. *State,* 168 Conn. 498, 500, 363 A.2d 56.

The amended complaint alleges the following: The plaintiff, Helen W. Penfield, and two of the defendants, Adeline P. Jarvis and William F. Jarvis, are tenants in common of life estates in six noncontiguous parcels of real property located in Portland, Connecticut. Adeline P. Jarvis also has a

---

[1] "[General Statutes] Sec. 52-500. SALE OF REAL OR PERSONAL PROPERTY OWNED BY TWO OR MORE. Any court of equitable jurisdiction may, upon the complaint of any person interested, order the sale of any estate, real or personal, owned by two or more persons, when, in the opinion of the court, a sale will better promote the interests of the owners. The provisions of this section shall extend to and include land owned by two or more persons, when the whole or a part of such land is vested in any person for life with remainder to his heirs, general or special, or, on failure of such heirs, to any other person, whether the same, or any part thereof, is held in trust or otherwise. A conveyance made in pursuance of a decree ordering a sale of such land shall vest the title in the purchaser thereof, and shall bind the person entitled to the life estate and his legal heirs and any other person having a remainder interest in the lands; but the court passing such decree shall make such order in relation to the investment of the avails of such sale as it deems necessary for the security of all persons having any interest in such land."

vested remainder in a portion of four of the parcels, while the remaining three defendants, Penfield Jarvis, Marshall N. Jarvis and Wallace F. Jarvis, hold vested remainders in all six parcels as tenants in common. The parties to the action hold varying fractional shares in these parcels, both as to the life estates and the remainder interests;[2] and no persons other than the plaintiff and all defendants have any interest in the property.[3] The complaint further alleges that an in-kind partition of the property would be impractical since the subject real estate is composed of six noncontiguous parcels of land each having a different size, potential use, topography and value and since the ownership of each is held in a variety of fractional shares. Moreover, a sale of the property would best promote the interests of the owners in view of the fact that the premises are not productive of income necessary to the support and maintenance of the plaintiff.

In her prayer for relief the plaintiff claimed, inter alia, "[a] decree pursuant to Section 52-500 of the Connecticut General Statutes ordering the sale of said premises." The defendants demurred to that prayer for relief on the grounds that the complaint

[2] The life tenants own the various parcels in the following fractional shares:

|  | Parcels 1, 2 | Parcels 3, 4, 5, 6 |
| --- | --- | --- |
| Helen Wilcox Penfield | 1/2 | 1/4 |
| Adeline Penfield Jarvis | 1/4 | 5/8 |
| William F. Jarvis | 1/4 | 1/8 |

The interests of the remaindermen are held as follows:

|  | Parcels 1, 2 | Parcels 3, 4, 5, 6 |
| --- | --- | --- |
| Penfield Jarvis | 1/3 | 1/6 |
| Marshall N. Jarvis | 1/3 | 1/6 |
| Wallace F. Jarvis | 1/3 | 1/6 |
| Adeline Penfield Jarvis | —— | 1/2 |

[3] According to the plaintiff's complaint, two of the parcels were also subject to easements of way held by persons not parties to the present action.

did not allege "that any of the remaindermen are heirs of the plaintiff or that their interests are in any way concerned with a failure of her heirs." Thus, the specific issue raised by this appeal is whether, under our statute, a co-life tenant may maintain an action for partition by sale against remaindermen or against other life tenants so as to bind those holding future interests in the property, where the remaindermen are neither heirs of the plaintiff nor holders of interests in any way concerned with the failure of her heirs.

In view of the fact that the precise question raised by this appeal is one of first impression in this state, earlier cases decided by this court involving the right to partition are of limited value. Similarly, since the statutory right to partition by sale must be examined in light of the particular statute in effect, its language and historical derivation, the decisions of other jurisdictions are not helpful. An historical examination of the right to partition generally and its development under Connecticut law must, therefore, govern our determination of the issue raised in this appeal. See *Bahre* v. *Hogbloom,* 162 Conn. 549, 553, 295 A.2d 547.

Compulsory partition procedures, which originated under early English law, were initially available only to coparceners—those who had become concurrent owners by way of descent and who, therefore, were never voluntary participants in the creation of the concurrent ownership. Freeman, Cotenancy & Partition (2d Ed., 1886) § 420. In the sixteenth century, this right to partition in kind was, by statute, made available to joint tenants and tenants in common of estates of inheritance who had a present right to possession of the property. 31

Henry VIII, c. 1 (1539). In the following year, the remedy of partition was expressly extended to include those holding land in joint or common tenancy for life or for a term of years, provided that such partition would not be prejudicial to any person not a party to the action. 32 Henry VIII, c. 32 (1540). Shortly thereafter, an equitable procedure for partition in kind evolved in the Courts of Chancery, and its demonstrated superiorities caused it rapidly to supplant the procedure initiated by a common-law writ.[4] Restatement, 2 Property c. 11, p. 654.

Both at law and in equity, however, the general rule was—and is—that a joint tenant or tenant in common must have either actual possession or an immediate right to possession in order to maintain an action for partition. *Adam* v. *Ames Iron Co.*, 24 Conn. 230, 233; 2 American Law of Property § 6.22. Such a rule is understandable in the context of the problem to which the remedy by partition was directed: avoiding the conflicts which might arise if each cotenant asserted the right to be in possession of every part of the lands of the cotenancy. Through the right to partition, "it was intended that the undivided possession should be severed, and that each person having the right to be in possession of

[4] The following were considered the chief advantages of proceedings in Chancery for the partition of property: "Courts of equity deal with complicated titles with greater ease and efficiency than courts of law; courts of equity compel the execution of conveyances to each cotenant, . . . and thus provide him with a permanent and satisfactory muniment of title; they may decree a pecuniary compensation to one of the parties for owelty, or equality of partition; they may compel the cotenants to account with one another, in regard to rents and profits received, and improvements made by either of them . . . ; and the parties may compel a discovery whenever it is necessary to enable them to properly present their title." Freeman, Cotenancy & Partition § 425, p. 553 (1886).

the whole property should exchange that right for one more exclusive in its nature, whereby, during the continuance of his estate, he should be entitled to the sole use and enjoyment of some specific purparty." Freeman, op. cit. § 440, p. 582. Since those with no right to immediate possession would not be deprived of present use and enjoyment or inconvenienced by the undivided possession of the property by others, there was a logical basis for denying to tenants of estates in reversion or remainder the right to interfere with tenants in possession, and, correspondingly, for precluding tenants in possession from effecting a severance of estate in remainder or reversion. Freeman, loc. cit.; 2 American Law of Property, op. cit. § 6.22. Possession or the right to immediate possession is, therefore, a general prerequisite to the maintenance of an action for partition. *Adam* v. *Ames Iron Co.,* supra.

In this country, each state now has a statute allowing for compulsory partition. These statutes are, in large measure, embodiments of the prior practices of the English courts. Restatement, 2 Property p. 655. The first Connecticut statute providing an absolute right to partition by physical division was enacted in 1720; Statutes, 1796, p. 258; the substance of which has survived virtually intact to the present day with only insignificant changes in the wording of the original enactment.[5] While there are numerous decisions by this court stressing that this statutory right to partition is absolute and that the diffi-

[5] An act for the partition of lands, enacted in October, 1720, read, in relevant part, as follows: "That all Persons having or holding; or that shall at any Time hereafter have or hold any Lands, Tenements, or Hereditaments as Coparceners, Joint-Tenants, or Tenants in Common, may be compelled by Writ of Partition to divide the same, where the Partners cannot agree to make Partition among themselves." Compare the present § 52-495 of the General Statutes.

culty of making partition and inconvenience to other tenants are not grounds for denying the remedy; e.g., *Johnson* v. *Olmsted,* 49 Conn. 509, 517; *Scovil* v. *Kennedy,* 14 Conn. 349, 360; we find no cases specifically treating the scope of a life tenant's right to partition under the statute: i.e., can a life tenant obtain partition against parties holding successive interests, and can a life tenant obtain partition binding beyond the duration of the life estate.

Despite the dearth of judicial authority regarding the full scope of this statutory remedy in Connecticut, a review of the traditional application of the partition remedy supports the conclusion that, under our statute, a party could obtain partition only to the extent of the interest actually held. Thus, for example, under the prevailing practice, a party possessing a life interest would be entitled to partition only for the duration of his life. Freeman, op. cit. § 440. Moreover, under the rule limiting the right to partition to concurrent owners with *present* possessory interests, the partition of successive interests was not permitted under the common law since the requisite unity of possession was absent. See *Harrison* v. *International Silver Co.,* 78 Conn. 417, 421, 62 A. 342; 1 Swift, Digest p. 103; Simes & Smith, Law of Future Interests § 1769. A sole life tenant, therefore, would not be allowed to maintain partition as against reversioners or remaindermen; 2 Tiffany, Real Property (3d Ed.) § 476; and, similarly, reversioners or remaindermen were incapable of demanding partition against the possessory owners because they were not concurrent owners adversely affected by the undivided possession held by others. *Culver* v. *Culver,* 2 Root 278; Restatement, 2 Property § 175. The enactment, in 1840, of a statute providing for only a limited right to parti-

tion successive interests;[6] Public Acts 1840, c. XXI; fortifies the proposition that, in this state, there was no *broad* right to partition of such interests.

As noted earlier, under the rule both at common law and in equity "[a] cotenant of an estate in possession less than in fee, although entitled to partition, cannot by his partition affect estates in reversion or remainder unless authorized to do so by statute." 30 Cyc. Law and Proc., Partition p. 183 (1908); 1 Kerr, Real Property § 612 (1895). There is no Connecticut statute expressly extending this limited right of a cotenant holding a less-than-fee interest, nor is there judicial·precedent construing the existing statute to convey such a right. If we decide on this basis that a co-life tenant can obtain partition only for the duration of the life estate, and further conclude that the right of a life tenant to obtain partition as against successive interests is severely restricted, then we are compelled to hold that, as a general rule in this state, a life tenant can bring an action for partition only against other parties holding present possessory interests, and that any resultant partition will have no binding effect upon those holding future interests in the property. Neither the statutory changes since 1720 nor decisions of this court give any indication that this general rule does not still apply today in actions for physical partition pursuant to § 52-495 of the General Statutes.

Due to the frequent impracticality inherent in actual division, however, all states, except Maine, have, by statute, expanded the right to partition to

---

[6] That statute, now § 52-496 of the General Statutes, authorizes partition by owners of future interests only where the future interest was created by the will of a deceased tenant in common, joint tenant or coparcener.

permit a partition by sale under certain circumstances. See Restatement, 2 Property c. 11, pp. 658–61. In Connecticut, an act extending the power of our courts to order a sale in partition proceedings was enacted in 1844. Public Acts 1844, c. XIII. Prior to that time, the court had no power to order a sale of lands held in common; if the parties could not agree to a voluntary division, the only remedy was physical partition by the court upon the application of a party. The early decisions of this court dealing with the new statutory remedy of partition by sale emphasized that "[t]he statute giving the power of sale introduces . . . no new principle; it provides only for an emergency, when a division cannot be well made, in any other way. *The Earl of Clarendon* v. *Hornby*, 1 P. Wms., 446. 4 Kent's Com., 365." *Richardson* v. *Monson*, 23 Conn. 94, 97; *Harrison* v. *International Silver Co.*, 78 Conn. 417, 420, 62 A. 342. The statutory proceeding for sale is ancillary to that for partition by physical division. *Struzinski* v. *Struzinsky*, 133 Conn. 424, 426, 52 A.2d 2. It is thus clear that the previously noted rules governing the right to compel physical partition likewise control the remedy of partition by sale. In the present case, the plaintiff, a cotenant holding less than a fee interest in the subject property, could not compel a *physical* partition against other co-life tenants so as to bind those holding future interests; correspondingly, under the original statutory provisions allowing partition by sale in this state, she would be similarly restricted, and a court could order a sale of the life estate only.

The right to partition by sale was extended by statute in 1876. The passage of this statute provides further support for our conclusions regarding the scope of the remedy of partition by sale and leads

us to the further conclusion that the relief sought by the plaintiff in the present case is vulnerable to demurrer under the statute as it now exists.[7] The 1876 statute, now incorporated in § 52-500 of the General Statutes, provided, in part, that the right to partition by sale "shall extend to and include land owned by two or more persons when the whole or a part of said lands is vested in any person for life, with remainder to his heirs, general or special, or, on failure of such heirs, to any other person . . . [a]nd a conveyance made in pursuance of a decree ordering a sale of such land . . . shall bind the person entitled to the life estate, and his legal heirs, or such other person having a remainder interest in the lands." The plaintiff, by suggesting that this additional provision simply provided a sole life tenant with the right to seek partition by sale as against remaindermen, has misconstrued the import of the statutory language.

As previously explained, prior to 1876, one holding a life estate was unable to compel a partition either by division or by sale binding beyond the duration of the life estate. 30 Cyc. Law and Proc., Partition p. 183 (1908); Freeman, op. cit. § 440; 1 Kerr, op. cit. § 612. The statute of 1876, however, specifically provided for a limited right to partition by sale of successive interest where land is "owned by two or more persons when the *whole or a part* of said lands is vested in any person for life."[8] (Em-

---

[7] Chapter XL of the Public Acts of 1876 (see General Statutes § 1312 [Rev. 1888]) was, in 1902, combined with the existing statute (see General Statutes § 1307 [Rev. 1888]) providing for the right to partition by sale. General Statutes § 1037 (Rev. 1902). The present § 52-500 is virtually identical with § 1037.

[8] Connecticut is one of at least 29 jurisdictions which allow, under certain conditions, the sale of lands affected with a future interest. See Simes & Smith, Law of Future Interests § 1946.

phasis added.) From the language used, it is clear that this provision is intended to apply both to co-life tenants and to sole life tenants. Any other construction would amount to an impermissible disregard of the plain wording of the statute. See *United Aircraft Corporation* v. *Fusari,* 163 Conn. 401, 410–11, 311 A.2d 65.

This right to compel a partition by sale against successive interests does not apply to all life tenants, however. The remedy is available only when the life tenant holds the estate either in cotenancy or in severalty, "with remainder to his heirs . . . or, on failure of such heirs, to any other person." [9] The plaintiff's complaint does not allege that she falls within this narrow class covered by the statute. Since we have concluded that only those life tenants

---

[9] The historical development of property law in this state during the 19th century provides a logical basis for the restrictiveness of this right.

In the case of partition by sale, the class of life tenants described in § 52-500 were most likely considered a special group by the legislature of 1876. Under the Rule in Shelley's Case; 1 Co. Rep. 104; if in a conveyance or a will a life estate was given to a person and in the same conveyance or will a remainder was limited to the heirs or the heirs of the body of that person, that person took both the life estate and the remainder. *Bishop* v. *Selleck,* 1 Day 299, 300. Such a person, possessing a fee-simple absolute under the application of the Rule, would unquestionably have been able to obtain a partition by sale of the entire fee under the law of this state. However, in 1821 the Rule in Shelley's Case was abrogated in Connecticut by statute; General Statutes, title 57, c. 1 (Rev. 1821); see *Goodrich* v. *Lambert,* 10 Conn. 447, 454; and those formerly considered to be owners of the entire fee were only life tenants, unable to compel partition beyond the duration of their life estates.

The fact that a physical partition will be binding only for the duration of the life estate of a person seeking partition will not seriously interfere with the life tenant's right to undisturbed use and enjoyment of a portion of the property. However, since a *life estate*

specifically described in the provisions of § 52-500 of the General Statutes have the right to compel a partition by sale against remaindermen or against co-life tenants so as to be binding beyond the term of the life estate, the plaintiff's complaint·was properly demurrable.

It is important to note at this point that our decision in the present case is governed by a 100-year-old statute which we have construed in light of its history, language and apparent purpose, and with consideration for the circumstances surrounding its enactment. See *City Savings Bank* v. *Lawler*, 163 Conn. 149, 157, 302 A.2d 252; *Bahre* v. *Hogbloom*, supra, 553. Although policy considerations may since have changed, and these restrictive partition provisions may be less desirable to our present society, this court is precluded from substituting its

is not a readily marketable commodity, the remedial alternative of partition by sale is seriously hampered by the inability of a court to order the sale of the entire fee interest, and the rights of the party seeking partition are severely curtailed. See annot., 134 A.L.R. 661, 667. It is thus probable that the 1876 provision was intended to extend the right to partition by sale to those life tenants who, but for the abrogation of the Rule in Shelley's Case, would have been able to compel a partition binding beyond the duration of their own lives.

Although the above assumptions may not be entirely applicable to conveyances which contained a "failure of heirs" provision, i.e., "to A for life, remainder to A's heirs, or, on failure of such heirs, to B," this class of life tenants was presumably given the same extended right to a partition by sale because the contingent remainder to B was viewed as simply an expression of the grantor's intent to prevent escheat in the unlikely event that the life tenant died without any heirs.

In any case, the interests of the heirs and contingent remaindermen were adequately protected by postponing distribution of the remainder share of the proceeds of the sale until after the death of the life tenant.

own ideas of what might be a wise provision in place of a clear expression of legislative will.[10]  *United Aircraft Corporation* v. *Fusari,* supra, 415.

There is no error.

In this opinion the other judges concurred.

---

[10] We take note of the fact that both the authors of the Restatement and a number of other jurisdictions have found it wise to provide that any owner of a life estate in cotenancy should have the right to compel a partition by sale binding upon those holding future interests in the subject property.  Restatement, 1 Property § 126 (1) (b), 2 Property § 177.