ANELE R. HARRINGTON *v.* ALFRED T. HARRINGTON ET AL.
(7633)

DUPONT, C. J., SPALLONE and LAVERY, Js.

Submitted on briefs November 17, 1989—decision released January 16, 1990

*Gordon R. Raynor* filed a brief for the appellant (named defendant).

*Jean L. Welty* filed a brief for the appellee (plaintiff).

DUPONT, C. J. The sole issue of this appeal is whether exclusive possession of realty by a holder of record title

to one half of certain premises will prevent the other cotenant from obtaining a judgment of partition pursuant to General Statutes § 52-495 or a judgment of sale of the realty pursuant to General Statutes § 52-500.

The marriage of the plaintiff and the named defendant was dissolved in 1970. In that judgment, the defendant husband was ordered to convey his one-half interest in the marital realty to the plaintiff wife, who also had a one-half interest, in lieu of alimony to her. The plaintiff also was given custody of the parties' five children. After the dissolution, therefore, the plaintiff had title to the entire fee. In 1973, the plaintiff entered Connecticut Valley Hospital for treatment of alcohol addiction. The defendant sought and was given custody of the children. In 1974, the plaintiff conveyed a one-half interest in the home to the defendant pursuant to an agreement that required the defendant, in consideration of the conveyance, to pay certain expenses relating to the property. In 1975, the plaintiff was again hospitalized and the defendant moved into the house with the children.

The plaintiff brought an action against the defendant,[1] seeking partition or sale of the premises, and a division of the proceeds after the payment of expenses. The court rendered a judgment ordering a sale. The defendant essentially contends that because he denied the plaintiff occupancy and possession of the premises on two occasions and because the plaintiff allowed the defendant to have sole possession of the house, the plaintiff is not entitled to the remedy of partition of sale.

---

[1] The New Haven Savings Bank, the mortgagee, was also named as a defendant. All the parties stipulated that the payment due the bank, including interest, principal and attorney's fees, would first be satisfied from any sale, prior to disbursement of any funds to the plaintiff and the named defendant. As used in this opinion, the term defendant refers to the named defendant only.

It is not controvertible that the plaintiff has record title as a tenant in common to one-half of the fee. An owner of real estate need not have actual possession in order to maintain an action for partition or sale. General Statutes §§ 52-495 and 52-500.[2] An owner need have only the right to possession to maintain such an action. *Penfield* v. *Jarvis,* 175 Conn. 463, 467, 399 A.2d 1280 (1978).

The possession of realty by one cotenant is ordinarily not adverse to the title of the other cotenant because the possession is subservient to that title. *Ruick* v. *Twarkins,* 171 Conn. 149, 157, 367 A.2d 1380 (1976). The plaintiff in this case is a record title holder and the sole fact that the plaintiff did not have possession would not be sufficient to deprive her of the remedy of partition or sale. The court correctly concluded that the plaintiff was entitled to the remedy of sale because the realty did not lend itself to a partition and because General Statutes § 52-500 requires only that the party seeking the sale have an ownership interest. The plaintiff's record title ownership of one-half interest entitled her to the remedy of sale despite the exclusive possession by the defendant.

There is no error.

In this opinion the other judges concurred.

---

[2] General Statutes § 52-495 provides in relevant part: "Courts . . . may . . . order partition of any real property held in . . . tenancy in common . . . ."

General Statutes § 52-500 provides in relevant part: "(a) Any court of equitable jurisdiction may, upon the complaint of any person interested, order the sale of any property, real or personal, owned by two or more persons, when, in the opinion of the court, a sale will better promote the interests of the owners."