[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Octavian Bucur d/b/a Americana Dry Cleaners, has moved to strike all three of the counts of the complaint, in which the plaintiff seeks to recover pursuant to a contract for its services as a public adjuster.
Count 1 invokes a written contract and claims nonpayment.
Count 2 seeks recovery in quantum meruit.
Count 3 states no additional cause of action but incorporates the allegations of the other two counts and asserts a right to remedies for sums "wrongfully withheld."
The defendant's motion to strike is based on the assertion that the plaintiff cannot recover either in contract or quantum meruit because it failed to comply with regulations concerning the contents of contracts for services of public adjusters. The defendant further argues that a public adjuster who fails to comply with applicable regulations in the text of a contract may not recover in quantum meruit either.
Public adjusters are required pursuant to § 38a-769 C.G.S., to be licensed; and § 38a-788(d) C.G.S. authorizes the insurance commissioner to adopt regulations concerning "the manner in which public adjusters shall conduct their business, including limitations on fees which may be charged, and the form of the employment contract between a public adjuster and a client." The latter statute provides that "the use of such contracts shall be mandatory."
I. Standard of Review
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book § 152; Ferryman v. Groton,212 Conn. 138, 142 (1989). A motion to strike admits all facts well pleaded; Cyr v. Brookfield, 153 Conn. 261, 263 (1965); and the allegations of the complaint are to be given the same favorable CT Page 5364 construction as a trier of fact would be required to give them in admitting evidence under them. Ferryman v. Groton, 212 Conn. 138,142; Benson v. Housing Authority, 145 Conn. 196, 199 (1988).
A statutory bar to enforcement of a contract is properly raised by a motion to strike. Caulkins v. Petrillo, 200 Conn. 713,715 (1986).
II. Enforceability of the Contract
The movant has appended to his motion to strike the employment contract on which the plaintiff relies and claims that this contract fails to conform with certain requirements set forth in § 38a-769-6 of the Regulations of Connecticut State Agencies. That provision states that "[n]o public adjuster shall enter into an employment contract except in conformity with this regulation."
The plaintiff asserts that any failure to comply with the precise terms of the regulation setting forth the required form of the contract does not render the contract unenforceable, though it may lead to other sanctions, such as revocation of a public adjuster's license.
The cited statutes and administrative regulations do not, on their face, provide that noncompliance renders a contract void or that noncompliance precludes enforcement of the contract.
The defendant urges this court to apply to noncomplying public adjuster contracts the same sanction of nonenforceability that is applied to noncomplying `real estate brokers' contracts pursuant to § 20-325a C.G.S. and to noncomplying home improvement contracts pursuant to § 20-429 C.G.S.
The defendant acknowledges that the statute he invokes does not explicitly provide that a noncomplying contract is unenforceable, unlike the statutes applicable as to real estate brokers and home improvement contractors. The defendant does not cite any instance in which the sanction of nonenforceability was imposed in the absence of a statute imposing it.
Courts cannot, by construction, read into legislation provisions not clearly stated or substitute their own ideas of what might be a wise provision in a statute that does not contain such a provision. State v. Baker, 195 Conn. 598, 602 (1985); Robinsonv. Unemployment Security Board of Review, 181 Conn. 1, 21 (1980); CT Page 5365Penfield v. Jarvis, 175 Conn. 463, 474-75 (1978).
It appears that the sanction for noncompliance by public adjusters with the cited regulations concerning the mandatory contract provisions has been limited by the General Assembly to regulatory sanctions, such as denial of licensure.
Since the statutes invoked by the defendant do not, by their terms, provide that a public adjuster's contract that does not comply with the applicable regulations is unenforceable, the motion to strike is denied.
Beverly J. Hodgson Judge of the Superior Court