[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM
The plaintiffs, Alexander Caruso and Deborah Ann Erff, filed a one-count complaint on June 11, 2002, against the defendants, Ralph Caruso and Helen Caruso, to force the sale of certain real property.[1]
The plaintiffs have alleged the following facts. In 1989, the defendant and her husband, Alexander Caruso, who is now deceased, quitclaimed property located at 11 Pompano Ave., Branford, Connecticut to their three children: Alexander Caruso, Deborah Ann Erff and Ralph Caruso, as tenants in common. The defendant and her husband, as grantors, retained a life use in the subject property. The plaintiffs are asking the court to order a partition by sale of the property pursuant to General Statutes §52-500.
On September 9, 2002, the defendant filed a motion to dismiss the plaintiffs' complaint on the ground that "even though the court has [s]ubject [m]atter [j]urisdiction to hear cases regarding [p]artition of [p]roperty, it does not possess the requisite subject matter jurisdiction to hear or order [p]artitions of [p]roperty where one of the interest holders possesses a life use." (Defendant's Motion to Dismiss.) The defendant has also filed a memorandum of law in support of her motion to dismiss and a copy of the quitclaim deed. On October 25, 2002, the plaintiffs filed a memorandum in opposition to the defendant's motion to dismiss.
"A motion to dismiss shall be used to assert lack of jurisdiction over the subject matter, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.) Kizis v. Morse DieselInternational Inc., 260 Conn. 46, 51, 794 A.2d 498 (2002). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." (Internal quotation marks omitted.) Ferreira v. Pringle, 255 Conn. 330, 346, 766 A.2d 400
(2001). "[I]n determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be CT Page 2790-u indulged." (Internal quotation marks omitted.) Connor v. StatewideGrievance Committee, 260 Conn. 435, 443, 797 A.2d 1081 (2002). "A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. Such jurisdiction relates to the court's competency to exercise power, and not the regularity of the court's exercise of that power." (Internal quotation marks omitted.)Plasil v. Tableman, 223 Conn. 68, 80, 612 A.2d 763 (1992).
General Statutes § 52-500 (a) states in pertinent part: "Any court of equitable jurisdiction may, upon the complaint of any person interested, order the sale of any property, real or personal, owned by two or more persons, when, in the opinion of the court, a sale will better promote the interests of the owners." Section 52-500 (b) further provides, in part: "The provisions of this section shall extend to and include land owned by two or more persons, when the whole or a part of the land is vested in any person for life with remainder to his heirs, general or special, or, on failure of the heirs, to any other person, whether the land, or any part thereof, is held in trust or otherwise. A conveyance made pursuant to a decree ordering a sale of the land shall vest the title in the purchaser thereof, and shall bind the person entitled to the life estate and his legal heirs and any other person having a remainder interest in the lands. . . ."
The defendant argues in opposition that her life estate prevents the court from having subject matter jurisdiction to hear and order a partition of the subject property. In support of her motion, the defendant cites to Rayhol Co. v. Holland 110 Conn. 516, 148 A. 358 (1930), for the proposition that property subject to a life use may not be partitioned. This argument is not persuasive because Rayhol is not analogous to the present case. In Rayhol, the court held that although tenants in common have a right to a partition, a written agreement between the parties not to partition barred the plaintiff from obtaining a decree for partition of the subject property. Rayhol v. Holland, supra, 110 Conn. 526-27.
In the present case, the parties have not entered into an agreement not to partition the subject property. Additionally, the language of the quitclaim deed is clear an unambiguous. Nothing within the deed will keep the property from being sold pursuant to § 52-500. If the parties intended to keep the property from being partitioned they could have entered into an agreement providing for such a limitation. The plaintiffs, as tenants in common, are owners of the subject property within the meaning of § 52-500. "[S]ection 52-500 requires only that the party seeking the sale have an ownership interest." Harrington v.Harrington, 20 Conn. App. 492, 494, 568 A.2d 468, cert denied,214 Conn. 802, 573 A.2d 315 (1990). Additionally, the defendant, who CT Page 2790-v reserved a life use in the subject property, is bound by "a decree ordering a sale of the land. . . ." General Statutes § 52-500 (b). Absent some type of agreement between the parties not to partition the property, a partition of the subject property can be ordered by the court pursuant to § 52-500, even though the defendant holds a life use in the property. It is further submitted that because § 52-500 permits the court to order a partition by sale of the property subject to a life estate, the court has subject matter jurisdiction in this case and therefore denies the defendant's motion to dismiss.