RICHARDSON AND ANOTHER *VS.* MONSON AND OTHERS.

The act, which authorizes the superior court as a court of equity to order a sale of any real estate, and of any rights existing in, or issuing out of, the same, held in joint tenancy, tenancy in common, or coparcenary, and to distribute the proceeds, (Stat. 1853, c. 58,) is a constitutional act.

On a bill for that purpose, such court may order the sale of an ore bed, and a distribution of the proceeds thereof, among the tenants in common, owning the same, in conformity with such act.

THIS was a bill brought to the superior court for the county of Litchfield, by Leonard Richardson and William H. Barnum, alleging, that they were tenants, in fee simple and in common, with the defendants, of a certain ore bed, called the Davis Ore Bed, situated in the town of Salisbury, together with the privilege of digging and carrying away the ore from said bed.

The rights and interests of a portion of the defendants were alleged to be subject to a lease, in writing, to the defendants, dated January 1, 1851, whereby it was agreed, that the latter should hold and occupy said land and ore bed, for the term of four years from the date thereof. The bill averred, that said rights were incapable of partition; that, although the owners had attempted to enjoy said property jointly, yet great difficulties, embarrassments and quarrels had arisen in such joint occupation; and that a sale thereof would promote the interest of all parties. The plaintiffs, therefore, prayed the court to make sale of the interests of all parties in said property, and, by an order of the court, to distribute the money arising from such sale, among the several persons interested in said estate, in proportion to their several interests therein, in conformity with the statute passed in 1853, which authorizes the superior court, upon the petition of any person interested, to order the sale of any real estate, and if any rights, corporeal or incorporeal, existing in, or issuing out of, the same, held in joint tenancy, tenancy in common, or coparcenary, to order a sale of the same, and a distribution

of the proceeds, among all persons interested in the estate, in proportion to their interest, whenever a sale will, in the opinion of the court, better promote the interests of all parties, than a partition, and whenever the property can not be conveniently occupied in common.

To this bill the defendants demurred, and the questions thereon arising were reserved for the advice of this court.

*Chapman* and *J. H. Hubbard,* in support of the demurrer, contended,

1. That the plaintiffs' bill was insufficient, because the act of 1853 can not have a retrospective operation. The right of the defendants, to have and enjoy their mine, and to have partition of it, is a vested right, and it would be unjust to deprive them of this right. It was the intention of the legislature, that the act should have a prospective operation only. 14 Conn. R., 339. *Dash* v. *Van Kleeck,* 7 Johns. R., 777. *Bridgeport* v. *Hubbell,* 5 Conn. R., 243. *Starr* v. *Pease,* 8 Conn. R., 545. *Goshen* v. *Stonington,* 4 Conn. R., 210.

2. That the act was unconstitutional and void, because it impairs the obligation of contracts, and also authorizes the taking of property from one person, and vesting it in another, when the owner has been guilty of no default. It is calculated to defeat the very contracts disclosed by the bill itself, and it authorizes the substitution of one kind of property for another, against the will of the owner. *Reynolds* v. *Reynolds,* 15 Conn. R., 85. 20 Conn. R., 474. *Osborn* v. *Humphrey,* 7 Conn. R. 335. 2 Peters, 658. 2 Johns. Ch. R., 162. 2 Kent Com., 327, 328.

*Warner* and *Woodruff,* contra, contended,

1. That the act of the legislature, upon which the plaintiffs rely, is constitutional, and that any act of the legislature, not manifestly inconsistent with justice, if not prohibited by the constitution of this state, or the constitution of the United States, is valid. *Starr* v. *Pease,* 8 Conn. R., 548. *Pratt* v.

*Allen,* 13 Conn. R., 119. *Clark* v. *Saybrook,* 21 Conn. R., 312.

2. That the act does not deprive the defendants of their property, but authorizes an enforcement of a right to a partition, which is in danger of being defeated. So far as the defendants' title is interfered with, it is by due process of law, as is the case when a minor's land, sold by order of a court of probate, or the property of insane persons, is sold by order of the General Assembly.

3. That the validity of an act of the legislature will be presumed, unless its unconstitutionality is so obvious as to admit of no doubt. *State* v. *Cooper,* 5 Black., 258. A similar statute has existed and been regarded as constitutional, in the state of New York, since the year 1811. And in Ohio, a statute authorizing a sale of land owned by several devisees.

4. That the act is just and reasonable, and not retrospective in its operation.

CHURCH, C. J. The plaintiffs allege, in their bill, that they, together with the defendants, are tenants in common of certain rights of digging, raising and carrying away iron ore from the Davis ore bed in Salisbury ; that they are disturbed in the exercise of this right, by the improper interference of some of the defendants, by reason of which they are deprived of the enjoyment of their common property. They pray for a partition, by a sale of the premises, according to the provisions of the statute of 1853, entitled " an act in addition to an act for the regulation of proceedings in equity." This act authorizes a sale, by an order of a court of equity, of real estate, and of any rights, corporeal or incorporeal, existing or growing out of the same, which are held in joint tenancy, tenancy in common, or coparcenary ; whenever partition can not conveniently be made in any other way, and directs a distribution of the avails among the tenants, in proportion to their respective rights.

The bill is demurred to, and the facts alleged are admitted to be true.

The grounds of demurrer are, that the statute is unconstitutional; or at least, has an unconstitutional effect upon the rights of these defendants.

It is claimed, that it authorizes the court, upon the application of one or more tenants in common, and representing, as in this case, a small minority of interest, to compel the sale of the rights of all others, depriving them, *in invitum*, of their property, merely to accommodate others, and without reference to the public interests. There may be extreme hardship in this, but is it therefore unconstitutional?

The statute in question does not profess to deprive any one of any interest in his property, but only to afford a reasonable remedy for its enjoyment, by partition.

The right of partition is incident to all real estate holden in common, whether corporeal or incorporeal, and especially whenever it can not be otherwise enjoyed. The right of beneficial enjoyment of property is as essential as the right of ownership. And, indeed, by the principles of the common law, recognized by stat. 31 and 32, Hen. VIII., this right of partition enters into the very nature of the title of estates holden in common, and is inseparable from them. The only question is, how can it best be made?

The statute giving the power of sale introduces, as we think, no new principle; it provides only for an emergency, when a division cannot be well made, in any other way. *The Earl of Clarendon* v. *Hornby*, 1 P. Wms., 446. 4 Kent's Com., 365.

A partition of joint estates, made by a writ of partition, at common law, or as provided by statutes, operates to divest one tenant of his interest in some part of the joint or common estate, and vest it solely in another. The tenants are seized *per my*, or *per my et per tout*,—this seizin is, by partition, destroyed, as much as in a case like the present.

It is said, that this common right is incapable of assessment or valuation; that its essential value is beneath the ground, and beyond the inspection and judgment of men. This may be true, and yet it presents no constitutional objection to the law; nor indeed any greater difficulty, than if the same rights were to be appraised upon execution against one or all of the tenants.

The instances are common, wherein it becomes necessary to cause the sale of real estate, without the concurrence or consent of the proprietor; and statutes authorizing this are to be found in every state; as in the cases of the sale of minors' land, and the lands of idiots, lunatics and persons under conservators and guardianship. No constitutional objections to any such statutes have ever been urged.

But it is further claimed, that this statute is retroactive, and subversive of the great principles of moral right, and is therefore unconstitutional.

If this were, in fact, a retroactive law, it would not, for such cause, be an unconstitutional one. And for the reasons to which we have before adverted, we do not discover in it any of those features of injustice, which should characterize it, as destroying vested rights, or as being otherwise destructive of the fundamental principles of the rights of property, secured by the constitution.

But this statute is not retroactive, within the legal import of that term. It is purely a remedial law, acting upon existing rights, and providing a remedy for existing evils; disturbing no titles.

The bill avers, that the right or claim of Landon & Co., who are some of the defendants, as the plaintiffs suppose, is derived, as lessees under Forbes Monson, one of the tenants in common; and therefore the further claim of the plaintiffs is, that the effect of the statue referred to, if enforced in this case, will be, to destroy this right under the lease, and impair the obligation of this contract.

The object of the statute in question is only to provide a

reasonable remedy for joint owners of real estate, and has no reference to contracts, even remotely. Many laws affect contracts incidentally, and are not, for such cause, to be treated as unconstitutional; such as embargo laws, commercial regulations in general, revenue laws, &c.

But we can not know, at this time, how Landon & Co's lease will be affected by a sale of the property in question: Monson may become the purchaser, and confirm the lease; or the court, perhaps, by its decree, may protect all such or other rights connected with the estate to be sold.

We must advise the superior court, that the bill is sufficient.

In this opinion the other judges concurred.

Bill sufficient.