ALEXANDER HARRISON ET AL. *vs.* THE INTERNATIONAL
SILVER COMPANY.

*Third Judicial District, Bridgeport, October Term, 1905.

TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

General Statutes, § 1037, provides that courts of equitable jurisdiction
    may order a sale, rather than a partition, of real estate owned by
    two or more persons, when that will better promote the interests
    of the owners. *Held* that unity of possession was essential to the
    maintenance of a suit for partition or sale, and therefore an al-
    leged tenant in common who was actually ousted, could not, while
    so ousted, invoke the statutory remedy against his disseisor who
    was in exclusive possession under a claim of sole and absolute
    ownership.

Argued October 31st—decided December 15th, 1905.

SUIT for the sale of certain real estate alleged to be owned
by the parties as tenants in common, and a division of the
proceeds, brought to and reserved by the Superior Court in
New Haven County (*Ralph Wheeler, J.*), upon a finding of
facts, for the advice of this court. *Judgment advised for
the defendant.*

The plaintiffs are sons of Apollos W. Harrison and Mar-
garet L., his wife. Prior to 1873 Apollos W. Harrison and
wife, and his children, namely, Alexander and Birge Harri-
son, the plaintiffs, Margaret A. Harrison, and Apollos But-
ler Harrison who is since deceased and whose interest passed
in equal shares to his sister and the plaintiffs, claimed to be
owners of the land described in the complaint by force of the
provisions of the will of Thomas Belden, deceased, whose
estate was settled as a testate estate in 1842 ; Harrison and
wife claiming a life estate in the wife, and the children the
remainder. In 1873 the land was purchased by and con-
veyed to one Tobias Kohn, under whom the defendant now

* See volume for 3d district, January Term, 1905, for the record
and for the briefs first filed.

VOL. LXXVIII—27

claims title.   At that time the plaintiffs were minors, being respectively eighteen and twenty years of age, and their sister was of full age; Mrs. Harrison was then insane, and one Henry H. Fitch was her conservator and as such in charge and possession of the land.   Apollos W. Harrison and his daughter, Margaret A., conveyed their interest in the land to Kohn by warranty deed.   Fitch, as conservator of Mrs. Harrison and guardian of her minor children, conveyed the land to Kohn by deed reciting that he was duly authorized to make such conveyance as guardian and conservator by an order of the Court of Probate passed on June 28th, 1873. Kohn paid to Fitch for the interests of Harrison and wife and their children about $3,500, which was the fair value of the land conveyed.   Fitch charged himself as conservator with the proceeds of the sale, and remitted said proceeds to Apollos W. Harrison, husband of Margaret L. and father of the plaintiffs.   Since the conveyance to Kohn the land has been conveyed by Kohn and his successors in title, has been mortgaged and the mortgages thereon foreclosed, and through a series of mesne conveyances was finally sold to the defendant in April, 1899.   In 1874 buildings and improvements were erected on the land by the defendant's predecessor in title at a cost of $45,000, and said improvements have since been maintained by the defendant and its predecessors in title.

Apollos W. Harrison died in 1886, and the same year his sons, the plaintiffs, first learned of the conveyances of said land, and became advised of certain defects in the appointment of Fitch as their guardian, which, as was claimed, rendered his conveyance of their interest in the land to Kohn absolutely void.   The plaintiffs were advised that they could not commence any action against the parties in possession of and claiming to own the land, until after the death of their mother, which occurred December 27th, 1898.   The plaintiffs gave no notice of their claim to the persons occupying and claiming to own the land, until shortly before the commencement of this suit.

In February, 1900, the plaintiffs brought this complaint,

alleging themselves and the defendant to be in possession as tenants in common of the land in question, and that they own an undivided two thirds and the defendant an undivided one third thereof, and claiming a sale of the land. The defendant in its answer denied each allegation of the complaint, and set up a second defense coupled with a counterclaim.

The finding of the court shows that at the commencement of this action, and for more than twenty-six years prior thereto, the defendant and its predecessors in title have had the actual, exclusive, and uninterrupted possession and use of the land in question, under a claim of title in fee simple. The finding also states a number of facts bearing upon questions arising upon the defendant's second defense and counterclaim, and including the will of Thomas Belden. The case was reserved for the advice of the Supreme Court of Errors as to what judgment should be rendered upon the facts found by the Superior Court. It was argued by the parties in full, and two supplemental briefs have been filed at the suggestion of the court. The last argument was limited to the following questions: 1. The plaintiffs not being in possession, can they maintain this action? 2. If the land in question was intestate estate of Thomas Belden, what are the rights of the parties? 3. Are there sufficient parties to the record? And any other questions that counsel may think proper to raise, not already argued.

*Lynde Harrison*, for the plaintiffs.

*John R. Buck*, for the defendant.

HAMERSLEY, J. It appears from the finding that at the commencement of this action the plaintiffs were not in possession of the land described, and that for sometime before there had been a constant, actual ouster of the plaintiffs by the defendant and its predecessors in title. The defendant, therefore, upon the facts put in issue by the first defense and found by the Superior Court, is entitled to judgment, and it is needless to consider the second defense.

The action is brought under § 1307 of the General Statutes of 1888 (Rev. 1902, § 1037). This section was first passed in 1848. Pub. Acts of 1848, p. 49, Chap. 59. The first section of that Act provided that the Superior Court as a court of equity might order the partition of any real estate held in joint tenancy, tenancy in common, or co-parcenary; and the second section provided that the court might " upon the petition of any person interested, order the sale of any real estate holden in joint tenancy, tenancy in common, or co-parcenary, whenever, in the opinion of the court, a sale will better promote the interests of all parties than a partition." Comp. 1854, p. 480, §§ 35, 36. The second section was modified in 1852, 1853 and 1858, and in the Revision of 1875 (p. 481, § 4) appears as follows : " Courts of equity may, upon the petition of any person interested, order the sale of any estate, real or personal, owned by two or more persons, when, in the opinion of the court, a sale will better promote the interests of the owners." This section appears, unaltered, as § 1307 in the General Statutes of 1888. The meaning of this legislation, in so far as it affects the sale of land owned by two or more persons, has been settled. In *Johnson* v. *Olmsted*, 49 Conn. 509, 517, it was held that the power to order a sale in such case rested on the same ground as the power to order a partition, and was an alternative mode of relief in cases where an owner was entitled to partition and partition was not practicable. An owner applying for a sale assumed the burden of proving partition impossible, and if upon such application the impossibility of partition is proven, the court is as much bound to order a sale as it would have been to order a partition, upon prayer for it and proof that it could have been conveniently and equitably made. The statute giving the power of sale introduces no new principle into the law regulating partition of estates held in common. *Richardson* v. *Monson*, 23 Conn. 94 ; *Vail* v. *Hammond*, 60 id. 374, 379.

The complaint alleges (1) that the plaintiffs and defendant are in possession of the *locus* as tenants in common ; (2) that the plaintiffs are owners of an undivided two thirds

and the defendant of an undivided one third; (3) that a sale would better promote the interests of the parties than partition.   The first defense denies each of these allegations. The third allegation is immaterial unless the first two are proved.   The second allegation is immaterial unless the first is proved.   In other words, a person actually ousted of possession by one he claims to be tenant in common with him of land, cannot, under this statute, seek a court of equity for the purpose of establishing his title and regaining his possession, and thereupon obtaining a decree of partition and sale.   This was clearly the rule at common law, and our statute in enlarging the jurisdiction of the court of equity for the purpose of partition and sale introduced no new principle.   Partition now, as heretofore, affords relief against a compulsory common ownership, but cannot be used to supplant the remedy at law against an actual disseisor.   A person claiming to own land as tenant in common with others, but who has been actually ousted, must establish a unity of possession before he can ask a dissolution of that unity by partition.   1 Sw. Dig., s. p. 103.   This was settled in *Adam* v. *Ames Iron Co.*, 24 Conn. 230, and has never since been questioned.   Partition of land belonging to two or more owners, whether as joint tenants, parceners, or tenants in common, is a mode provided by law for disuniting or dissolving the unity of possession in such owners; 2 Blackstone's Comm., s. p. 191; and the remedy cannot be invoked by one claiming to be owner but who has been disseised, against his alleged cotenant who is in sole possession of the land claiming to be sole owner thereof.   This rule rests also on the settled and salutary principle that a person disseised of land he claims to own should not be permitted, while thus disseised, to exercise the rights belonging only to an owner in possession.

The plaintiffs refer to other statutes providing for a sale under other circumstances, upon the application of one who may not be in actual possession.   These statutes are not enacted for the purpose of partition, are based upon grounds entirely different from those upon which §1307 is based, and

do not apply to the facts in this case. It is unnecessary to consider whether the changes in procedure following the enactment of the Practice Act may authorize the joinder of an action for partition by sale under § 1307 with an action of ejectment, or with an action for other equitable relief, as the action set forth in the plaintiff's complaint is simply and solely an action for partition by sale.

It is suggested that the defendant has coupled with its second defense a counterclaim asking affirmative relief through a decree confirming and establishing the title to the land in question in the defendant. If this prayer for relief can properly be considered as asking an adjudication of the persons entitled to the land, or any interest therein, under the will of Thomas Belden and the other facts set forth in the second defense, and if the defendant can lawfully plead such a counterclaim in answer to the action set forth in the complaint, it nevertheless appears that persons necessary to such an adjudication are not parties to this action, and for this reason the action should be dismissed.

The plaintiffs suggest that it is within the lawful discretion of this court to remand the cause to the Superior Court in order that the pleadings may be amended, other persons made parties to the action, and the various questions affecting the title to the land suggested by the defendant's second defense and counterclaim be adjudicated. Such a discretion ought not to be exercised in this case, inasmuch as we think it clear, from the facts appearing in the record, that such a course would not serve the ends of justice.

The Superior Court is advised to render judgment that the complaint be dismissed and the defendant recover its costs from the plaintiffs. Costs in this court will be taxed in favor of the defendant.

In this opinion the other judges concurred.