PASQUALE CONTALDI vs. FRANK ERRICHETTI.

Third Judicial District, New Haven, June Term, 1906.
BALDWIN, HAMERSLEY, HALL, PRENTICE and THAYER, Js.

General Statutes, § 1037, provides that courts of equity may order the sale of real estate owned by two or more persons, when, in the opinion of the court, a sale will better promote their interests. *Held* that it was not necessary for the complaint to allege, nor for the court to find, that an actual division of the land between the parties was impossible or impracticable; but only that the severance of the joint ownership, which is an absolute right of every cotenant, could be accomplished with better results to the owners, by a sale of the land and division of the proceeds.

Where no partnership relation exists between the parties in respect to any matter involved in the suit, it is immaterial whether or not they were partners in respect to other matters.

Submitted on briefs June 7th—decided July 30th, 1906.

SUIT to obtain a partition-sale of real estate owned by the parties in common, brought to and tried by the District

Court of Waterbury, *Peck, Acting-Judge ;* facts found and judgment rendered for the plaintiff, and appeal by the defendant. *No error.*

*Charles G. Root,* for the appellant (defendant).

*James E. Russell, Lucien F. Burpee* and *Terrence F. Carmody,* for the appellee (plaintiff).

HAMERSLEY, J. This action is brought under the provisions of the first sentence of § 1037 of the General Statutes. The complaint contains in substance three material allegations: the plaintiff and defendant own as tenants in common the piece of land described; the plaintiff and defendant are now in possession of said land; the interests of the owners will be best promoted by a sale of said land. The answer admits the first allegation, and denies the second and third. The trial court found these issues of fact for the plaintiff, and rendered judgment ordering a sale. The appeal assigns as error, that the court erred in rendering judgment of sale, because it was not alleged and proved by the plaintiff that a partition of the land was impossible or impracticable.

The sentence of § 1037 under which this action is brought authorizes a sale of land only in those cases in which the plaintiff owner is entitled to partition. *Harrison* v. *International Silver Co.,* 78 Conn. 417, 420, 62 Atl. 342; *Johnson* v. *Olmsted,* 49 Conn. 509, 515. The right to partition, that is, to the severance of the joint ownership, must exist; and if the court shall find that the interests of the owners will be best promoted by granting this severance through a sale of the land and a division of the proceeds, instead of by a division of the land itself, the right to the sale authorized by the statute is established. The partition or severance of joint ownership then becomes impracticable, within the meaning of the language used in the cases cited, and a sale must be ordered. It is not necessary for the

complaint to allege, nor for the court to find, that a partition, in the sense of an actual division of land between the parties, is impossible or impracticable. The division is legally impracticable if the severance of joint ownership, which the plaintiff has the absolute right to demand, can only be accomplished consistently with the best interests of both owners by a sale of the land and division of the proceeds. This impracticability is properly alleged in the complaint, and the finding shows that the court found the allegations to be true.

The other errors assigned, with possibly a single exception, relate to claims of law made upon the trial upon the assumption that material facts, claimed to be in issue, would be found for the defendant instead of being found, as they in fact were found, for the plaintiff. It is plain that such contingent claims of law, in view of the finding, furnish no basis for claimed errors which can be properly assigned or considered upon this appeal.

As to the possible exception mentioned, it appears from the finding that evidence claimed as relevant to the material issues was offered and admitted in support of the following facts, affirmed by the defendant: A partnership had existed between the plaintiff and defendant in relation to certain contracts performed by the plaintiff as a general contractor for laying sewers, making streets and similar public works; that a partnership existed between the plaintiff and defendant in relation to the ownership and management of the land in question; that said land was purchased with partnership funds and was an asset of the partnership. The court did not find definitely whether or not a partnership had existed between the plaintiff and defendant in relation to said contracts, but did find as a fact that no partnership existed between them in relation to said land; that said land was not purchased with partnership funds and was not a partnership asset. The defendant claims that this finding of fact by the court was erroneous, because the court did not also definitely find whether or not a partnership had existed between the plaintiff and

defendant in relation to said contracts. The claim is without merit.

There is no error in the judgment of the District Court of Waterbury.

In this opinion the other judges concurred.