THELMA F. GOULD v. ROBERT ROSENFELD ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued May 8—decision released July 24, 1979

*Lawrence P. Weisman,* for the appellants (defendants).

*Bernard Green,* with whom, on the brief, was *Eric M. Gross,* for the appellee (plaintiff).

PER CURIAM. The defendants have appealed from a decision of the Superior Court ordering the sale, pursuant to General Statutes § 52-500, of property owned by the plaintiff and defendants as tenants in common.[1]

In 1965, the plaintiff, Thelma F. Gould, and one of the defendants, Robert Rosenfeld, took title by warranty deed to a parcel of land comprising 15.4 acres with a 1400 foot frontage in Trumbull, Connecticut. By quitclaim deed, Robert Rosenfeld conveyed an undivided one-fourth interest in his half of the parcel to each of the defendants, Roger L. Rosenfeld and Marc S. Rosenfeld. In September 1972, the plaintiff and Robert Rosenfeld entered into a written agreement to construct a shopping center

---

[1] "[General Statutes] Sec. 52-500. SALE OF REAL OR PERSONAL PROPERTY OWNED BY TWO OR MORE. Any court of equitable jurisdiction may, upon the complaint of any person interested, order the sale of any estate, real or personal, owned by two or more persons, when, in the opinion of the court, a sale will better promote the interests of the owners. The provisions of this section shall extend to and include land owned by two or more persons, when the whole or a part of such land is vested in any person for life with remainder to his heirs, general or special, or, on failure of such heirs, to any other person, whether the same, or any part thereof, is held in trust or otherwise. A conveyance made in pursuance of a decree ordering a sale of such land shall vest the title in the purchaser thereof, and shall bind the person entitled to the life estate and his legal heirs and any other person having a remainder interest in the lands; but the court passing such decree shall make such order in relation to the investment of the avails of such sale as it deems necessary for the security of all persons having any interest in such land."

on the premises. The Hawley Lane Shopping Center was leased to approximately fifteen commercial tenants including two large retail outlets.

In 1975, the plaintiff filed a complaint for partition of the property by sale with a division of the proceeds to the parties according to their interests. The trial court, upon finding that the premises did not lend themselves to an equitable, practical, physical division and that sale and division of the proceeds would better promote the interests of the owners, ordered that the property be sold at auction by a committee and that the proceeds be paid into the court for distribution to the parties.

The trial court found that the plaintiff and defendants are owners of the subject premises as tenants in common. Although the defendants concede that the land is owned by the parties as tenants in common and is therefore subject to partition by sale under § 52-500, they contend that the building is owned by a partnership formed by the plaintiff and the defendant Robert Rosenfeld, that the business is conducted by the partnership, and, therefore, that the building and business may not be partitioned by sale under § 52-500.

The trial court did not distinguish the form of ownership of the land from that of the building; in its findings the court stated that the plaintiff and defendants were tenants in common of both the land and the building. Nor did the defendants attack this finding in their assignment of errors. This court is not bound to consider any claimed errors on appeal which have not been specifically assigned. Practice Book, 1978, § 3063; *Raffile* v. *Stamford Housewrecking, Inc.,* 168 Conn. 299, 303, 362 A.2d 879 (1975). Although the defendants urge this court

to rule that there is error in the trial court's finding based on the plaintiff's testimony regarding the existence of a partnership, this court cannot correct a finding by adding facts which are neither admitted nor undisputed. Practice Book, 1978, § 3039;[2] *Yale University* v. *New Haven,* 169 Conn. 454, 462–63, 363 A.2d 1108 (1975). The mere addition of the plaintiff's testimony to the defendants' brief in support of the defendants' claim of error does not make it an admitted or undisputed fact which must be added to the finding. *Yale University* v. *New Haven,* supra, 463.

There is no error.

[2] Repealed as of July 1, 1979.