ANGELO DELFINO ET AL. v. HELEN C. VEALENCIS

COTTER, C. J., BOGDANSKI, PETERS, HEALEY and PARSKEY, Js.

Argued March 12—decision released July 22, 1980

*John R. Caruso,* with whom, on the brief, was *Susan M. Zajac,* for the appellant (defendant).

*Maxwell Heiman,* with whom, on the brief, were *Theodore M. Donovan* and *William J. Tracy, Jr.,* for the appellees (plaintiffs).

ARTHUR H. HEALEY, J.  The central issue in this appeal is whether the Superior Court properly ordered the sale, pursuant to General Statutes § 52-500,[1] of property owned by the plaintiffs and the defendant as tenants in common.

The plaintiffs, Angelo and William Delfino, and the defendant, Helen C. Vealencis, own, as tenants in common, real property located in Bristol, Connecticut. The property consists of an approximately 20.5 acre parcel of land and the dwelling of the defendant thereon.[2]  The plaintiffs own an undivided 99/144 interest in the property, and the defendant owns a 45/144 interest.  The defendant occupies the dwelling and a portion of the land,

---

[1] General Statutes § 52-500 states: "SALE OF REAL OR PERSONAL PROPERTY OWNED BY TWO OR MORE.  Any court of equitable jurisdiction may, upon the complaint of any person interested, order the sale of any estate, real or personal, owned by two or more persons, when, in the opinion of the court, a sale will better promote the interests of the owners.  The provisions of this section shall extend to and include land owned by two or more persons, when the whole or a part of such land is vested in any person for life with remainder to his heirs, general or special, or, on failure of such heirs, to any other person, whether the same, or any part thereof, is held in trust or otherwise.  A conveyance made in pursuance of a decree ordering a sale of such land shall vest the title in the purchaser thereof, and shall bind the person entitled to the life estate and his legal heirs and any other person having a remainder interest in the lands; but the court passing such decree shall make such order in relation to the investment of the avails of such sale as it deems necessary for the security of all persons having any interest in such land."

[2] The 20.5 acre parcel is backland to Birch Street and is connected to Birch Street by a right-of-way.

from which she operates a rubbish and garbage removal business.[3] Apparently, none of the parties is in actual possession of the remainder of the property. The plaintiffs, one of whom is a residential developer, propose to develop the property, upon partition, into forty-five residential building lots.

In 1978, the plaintiffs brought an action in the trial court seeking a partition of the property by sale with a division of the proceeds according to the parties' respective interests.[4] The defendant moved for a judgment of in-kind partition[5] and the appointment of a committee to conduct said partition. The trial court, after a hearing, concluded that a partition in kind could not be had without "material injury" to the respective rights of the parties, and therefore ordered that the property be sold at auction by a committee and that the proceeds be paid into the court for distribution to the parties.

On appeal, the defendant claims essentially that the trial court's conclusion that the parties' interests would best be served by a partition by sale is

---

[3] The defendant's business functions on the property consist of the overnight parking, repair and storage of trucks, including refuse trucks, the repair, storage and cleaning of dumpsters, the storage of tools, and general office work. No refuse is actually deposited on the property.

[4] The plaintiffs originally asked, in the alternative, for a physical partition, but later moved for a judgment of partition by sale.

[5] Such a partition is authorized by General Statutes § 52-495 which states: "PARTITION OF JOINT AND COMMON ESTATES. Courts having jurisdiction of actions for equitable relief may, upon the complaint of any person interested, order partition of any real estate held in joint tenancy, tenancy in common or coparcenary, and may appoint a committee for that purpose, and may in like manner make partition of any real estate held by tenants in tail; and decrees aparting entailed estates shall bind the parties and all persons who thereafter claim title to such estate as heirs of their bodies."

not supported by the findings of subordinate facts, and that the court improperly considered certain factors in arriving at that conclusion. In addition, the defendant directs a claim of error to the court's failure to include in its findings of fact a paragraph of her draft findings.

General Statutes § 52-495[6] authorizes courts of equitable jurisdiction to order, upon the complaint of any interested person, the physical partition of any real estate held by tenants in common, and to appoint a committee for that purpose.[7] When, however, in the opinion of the court a sale of the jointly owned property "will better promote the interests of the owners," the court may order such a sale under § 52-500.[8] See *Kaiser* v. *Second National Bank*, 123 Conn. 248, 256, 193 A. 761 (1937); *Johnson* v. *Olmsted*, 49 Conn. 509, 517 (1882).

It has long been the policy of this court, as well as other courts, to favor a partition in kind over a partition by sale. See *Harrison* v. *International Silver Co.*, 78 Conn. 417, 420, 62 A. 342 (1905); *Johnson* v. *Olmsted*, supra; 2 American Law of Property, Partition § 6.26, pp. 112–14; 4A Powell, Real Property ¶ 612, p. 650; 59 Am. Jur. 2d, Partition § 118, pp. 864–65; 68 C.J.S., Partition § 125. The first Connecticut statute that provided for an absolute right to partition by physical division was enacted in 1720; Statutes, 1796, p. 258; the substance of which remains virtually unchanged

---

[6] See footnote 5, supra.

[7] If the physical partition results in unequal shares, a money award can be made from one tenant to another to equalize the shares. 4A Powell, Real Property ¶ 612, pp. 653–54; 2 American Law of Property, Partition § 6.26, p. 113.

[8] See footnote 1, supra.

today.[9] Due to the possible impracticality of actual division, this state, like others, expanded the right to partition to allow a partition by sale under certain circumstances.[10] See *Penfield* v. *Jarvis,* 175 Conn. 463, 470–71, 399 A.2d 1280 (1978); see also Restatement, 2 Property c. 11, pp. 658–61. The early decisions of this court that considered the partition-by-sale statute emphasized that "[t]he statute giving the power of sale introduces . . . no new principles; it provides only for an emergency, when a division cannot be well made, in any other way. *The Earl of Clarendon* v. *Hornby,* 1 P. Wms., 446.4 Kent's Com., 365." *Richardson* v. *Monson,* 23 Conn. 94, 97 (1854); see *Penfield* v. *Jarvis,* supra, 471; *Harrison* v. *International Silver Co.,* 78 Conn. 417, 420, 62 A. 342 (1905); *Vail* v. *Hammond,* 60 Conn. 374, 379, 22 A. 954 (1891). The court later expressed its reason for preferring partition in kind when it stated: "[A] sale of one's property without his consent is an extreme exercise of power warranted only in clear cases." *Ford* v. *Kirk,* 41 Conn. 9, 12 (1874). See also 59 Am. Jur. 2d, Partition § 118, p. 865. Although under General Statutes § 52-500 a court is no longer required to order a partition in kind even in cases of extreme difficulty or hardship; see *Scovil* v. *Kennedy,* 14 Conn. 349, 360–61 (1841); it is clear that a partition by sale should be ordered only when two conditions are satisfied: (1) the physical attributes of the land

---

[9] The 1720 statute; Statutes, 1796, p. 258; read in relevant part: "'That all Persons having or holding; or that shall at any Time hereafter have or hold any Lands, Tenements, or Hereditaments as Coparcerners, Joint-Tenants, or Tenants in Common, may be compelled by Writ of Partition to divide the same, where the Partners cannot agree to make Partition among themselves."

[10] Connecticut's statute was passed in 1844. Public Acts 1844, c. XIII.

are such that a partition in kind is impracticable or inequitable; *Johnson* v. *Olmsted,* supra; and (2) the interests of the owners would better be promoted by a partition by sale. *Kaiser* v. *Second National Bank,* supra; see *Gould* v. *Rosenfeld,* 178 Conn. 503, 423 A.2d 146 (1979). Since our law has for many years presumed that a partition in kind would be in the best interests of the owners, the burden is on the party requesting a partition by sale to demonstrate that such a sale would better promote the owners' interests. Accord, 4A Powell, Real Property ¶ 612, p. 651; 59 Am. Jur. 2d, Partition § 118, p. 865.

The defendant claims in effect that the trial court's conclusion that the rights of the parties would best be promoted by a judicial sale is not supported by the findings of subordinate facts. We agree.

Under the test set out above, the court must first consider the practicability of physically partitioning the property in question. The trial court concluded that due to the situation and location of the parcel of land, the size and area of the property, the physical structure and appurtenances on the property, and other factors,[11] a physical partition of the property would not be feasible. An examination of the subordinate findings of facts and the exhibits, however, demonstrates that the court erred in this respect.

It is undisputed that the property in question consists of one 20.5 acre parcel, basically rectangular

[11] These other factors included the present use and the expected continued use by the defendant of the property, the property's zoning classification, and the plaintiffs' proposed subdivision plans. We consider these factors later in the opinion.

in shape, and one dwelling, located at the extreme western end of the property. Two roads, Dino Road and Lucien Court, abut the property and another, Birch Street, provides access through use of a right-of-way. Unlike cases where there are numerous fractional owners of the property to be partitioned, and the practicability of a physical division is therefore drastically reduced; see, e.g., *Penfield* v. *Jarvis,* 175 Conn. 463, 464–65, 399 A.2d 1280 (1978); *Lyon* v. *Wilcox,* 98 Conn. 393, 394–95, 119 A. 361 (1923); *Candee* v. *Candee,* 87 Conn. 85, 89–90, 86 A. 758 (1913); in this case there are only two competing ownership interests: the plaintiffs' undivided 99/144 interest and the defendant's 45/144 interest. These facts, taken together, do not support the trial court's conclusion that a physical partition of the property would not be "feasible" in this case. Instead, the above facts demonstrate that the opposite is true: a partition in kind clearly would be practicable under the circumstances of this case.

Although a partition in kind is physically practicable, it remains to be considered whether a partition in kind would also promote the best interests of the parties. In order to resolve this issue, the consequences of a partition in kind must be compared with those of a partition by sale.

The trial court concluded that a partition in kind could not be had without great prejudice to the parties since the continuation of the defendant's business would hinder or preclude the development of the plaintiffs' parcel for residential purposes, which the trial court concluded was the highest and best use of the property. The court's concern over the possible adverse economic effect upon the plain-

tiffs' interest in the event of a partition in kind was based essentially on four findings: (1) approval by the city planning commission for subdivision of the parcel would be difficult to obtain if the defendant continued her garbage hauling business; (2) lots in a residential subdivision might not sell, or might sell at a lower price, if the defendant's business continued; (3) if the defendant were granted the one-acre parcel,[12] on which her residence is situated and on which her business now operates, three of the lots proposed in the plaintiffs' plan to subdivide the property would have to be consolidated and would be lost; and (4) the proposed extension of one of the neighboring roads would have to be rerouted through one of the proposed building lots if a partition in kind were ordered. The trial court also found that the defendant's use of the portion of the property that she occupies is in violation of existing zoning regulations. The court presumably inferred from this finding that it is not likely that the defendant will be able to continue her rubbish hauling operations from this property in the future. The court also premised its forecast that the planning commission would reject the plaintiffs' subdivision plan for the remainder of the property on the finding that the defendant's use was invalid. These factors basically led the trial court to conclude that the interests of the parties would best be protected if the land were sold as a unified unit for residential subdivision development and the proceeds of such a sale were distributed to the parties.

Before we consider whether these reasons are sufficient as a matter of law to overcome the prefer-

---

[12] We express no opinion as to whether such a division represents the defendant's fractional interest in the property.

ence for partition in kind that has been expressed in the applicable statutes and our opinions, we address first the defendant's assignment of error directed to the finding of subordinate facts relating to one of these reasons. The defendant claims that the trial court erred in finding that the defendant's use of a portion of the property is in violation of the existing zoning regulations, and in refusing to find that such use is a valid nonconforming use. The plaintiffs properly point out, however, that the defendant failed to demonstrate that the paragraph of the draft finding that recites that the defendant's use is nonconforming was either admitted or undisputed by the plaintiffs. An examination of that portion of the parties' briefs directed to this issue discloses that, for some unexplained reason, the applicable zoning regulations and the date of their enactment were never introduced into evidence at the hearing below. Instead, the parties introduced only inconclusive and hearsay testimony to establish their respective positions on this issue. This deficiency in the evidence cuts both ways, however, and requires us to conclude that the particular paragraph of the defendant's draft finding cannot be added to the finding and that the court's finding in this regard must be stricken as unsupported by sufficient competent evidence. We are left, then, with an unassailed finding that the defendant's family has operated a "garbage business" on the premises since the 1920s and that the city of Bristol has granted the defendant the appropriate permits and licenses each year to operate her business. There is no indication that this practice will not continue in the future.

Our resolution of this issue makes it clear that any inference that the defendant would probably

be unable to continue her rubbish hauling activity on the property in the future is unfounded. We also conclude that the court erred in concluding that the city's planning commission would probably not approve a subdivision plan relating to the remainder of the property. Any such forecast must be carefully scrutinized as it is difficult to project what a public body will decide in any given matter. See *Rushchak* v. *West Haven,* 167 Conn. 564, 569, 356 A.2d 104 (1975). In this case, there was no substantial evidence to support a conclusion that it was reasonably probable that the planning commission would not approve a subdivision plan for the remainder of the property. Cf. *Budney* v. *Ives,* 156 Conn. 83, 90, 239 A.2d 482 (1968). Moreover, there is no suggestion in the statute relating to subdivision approval; see General Statutes § 8-25; that the undeveloped portion of the parcel in issue, which is located in a residential neighborhood, could not be the subject of an approved subdivision plan notwithstanding the nearby operation of the defendant's business. The court's finding indicates that only garbage trucks and dumpsters are stored on the property; that no garbage is brought there; and that the defendant's business operations involve "mostly containerized . . . dumpsters, a contemporary development in technology which has substantially reduced the odors previously associated with the rubbish and garbage hauling industry." These facts do not support the court's speculation that the city's planning commission would not approve a subdivision permit for the undeveloped portion of the parties' property. See *Rogers Co.* v. *F. W. Woolworth,* 161 Conn. 6, 12, 282 A.2d 882 (1971); *White* v. *Herbst,* 128 Conn. 659, 661, 25 A.2d 68 (1942).

The court's remaining observations relating to the effect of the defendant's business on the probable fair market value of the proposed residential lots, the possible loss of building lots to accommodate the defendant's business[13] and the rerouting of a proposed subdivision road, which may have some validity, are not dispositive of the issue. It is the interests of all of the tenants in common that the court must consider; see *Lyon* v. *Wilcox,* 98 Conn. 393, 395–96, 119 A. 361 (1923) ; 59 Am. Jur. 2d, Partition § 118, p. 865; and not merely the economic gain of one tenant, or a group of tenants. The trial court failed to give due consideration to the fact that one of the tenants in common has been in actual and exclusive possession of a portion of the property for a substantial period of time; that the tenant has made her home on the property; and that she derives her livelihood from the operation of a business on this portion of the property, as her family before her has for many years. A partition by sale would force the defendant to surrender her home and, perhaps, would jeopardize her livelihood. It is under just such circumstances, which include the demonstrated practicability of a physical division of the property, that the wisdom of the law's preference for partition in kind is evident.

As this court has many times stated, conclusions that violate "law, logic or reason or are inconsistent with the subordinate facts" cannot stand. *Russo* v. *East Hartford,* 179 Conn. 250, 255, 425 A.2d 1282 (1979) ; *Connecticut Coke Co.* v. *New*

---

[13] It should be noted in this regard that a partition in kind would result in a physical division of the land according to the parties' respective interests. The defendant would, therefore, not obtain any property in excess of her beneficial share of the parties' concurrent estates.

*Haven,* 169 Conn. 663, 675, 364 A.2d 178 (1975). Since the property in this case may practicably be physically divided, and since the interests of all owners will better be promoted if a partition in kind is ordered, we conclude that the trial court erred in ordering a partition by sale, and that, under the facts as found, the defendant is entitled to a partition of the property in kind.

There is error, the judgment is set aside and the case is remanded for further proceedings not inconsistent with this opinion.

In this opinion the other judges concurred.