[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff seeks an order of partition by sale of premises of which he and defendant Heni R. Moldavsky are co-owners. The facts are as follows: On December 3, 1990 plaintiff obtained a one-half interest in a single family house at 7 Ferncliff Drive, West Hartford as a result of a foreclosure of a mortgage given by David Moldavsky, Heni's husband. The other half interest is owned by Heni. The house is located on .7 acres; the property is zoned residential, and has a fair market value of between $240,000 and $282,000. Liens prior to the mortgage foreclosed upon by plaintiff are a first mortgage in favor of Connecticut Bank Trust Co. for $143,590, a second mortgage in favor of CityTrust Bank for $37,660 and a judgment lien in favor of United States Leasing Corp. for $7,500, totaling $188,750. The mortgages are in default and CityTrust has started foreclosure proceedings.
Heni suffers from severe diabetes and from emotional problems. Heni and David live in the house with an eight year CT Page 9062 old son. The family will be greatly inconvenienced by being forced to move. Moreover, as a result of the flat real estate market, a forced sale of the home may not realize much more than the total of incumbrances and sale expenses.
The pertinent sections of the General Statutes are 52-495
and 52-500. Section 52-495 provides: "Courts having jurisdiction of actions for equitable relief may, upon the complaint of any person interested, order partition of any real property held in joint tenancy, tenancy in common. . . ." Section 52-500 (a) provides: "Any court of equitable jurisdiction may, upon the complaint of any person interested, order the sale of any property, real or personal, owned by two or more persons, when, in the opinion of the court, a sale will better promote the interests of the owner."
The Supreme Court has construed 52-495 in Wilcox v. Willard Shopping Center Associates, 208 Conn. 318, 325 (1988) as follows:
"The right to partition is founded on the principle that no person can be compelled to remain the owner with another of real property even if the party seeking partition willingly entered into the joint ownership. . . . General Statutes 52-495
confers an absolute right of partition upon a person holding real property as a tenant in common with others." (Underlining added).
Defendant Heni Moldavsky urges this court to take into account her poor health and the consequence to her family of a partition, and the court exercise its discretion to deny this partition. Although 52-495 and 52-500 speak of courts having equitable jurisdiction, the Supreme Court has declared the right to partition by a co-owner of property is absolute (Wilcox v. Willard Shopping Center Associates, id.), and "the inconvenience resulting to the other tenants furnish [sic] no sufficient reason for not making a division." Scovil v. Kennedy, 14 Conn. 349,361 (1841).
On the other hand, as to the decision whether the partition should be by division of the property in kind or by sale, then the court can exercise discretion based on equitable factors. Partition in kind is favored but partition by sale may be ordered when "(1) the physical attributes of the land are such that partition in kind is impracticable or inequitable; . . . and (2) the interests of the owners would be better promoted by a partition by sale." Delfino v. Vealencis, 181 Conn. 533,537-38 (1980).
Here, the premises, being a house on .7 acres in west CT Page 9063 Hartford, zoned for single family residence, cannot be divided either physically or legally. The only way the plaintiff can realize on his half interest is by a sale. While at this time the real estate market is flat now there is no reliable prediction when it will change. A mortgagee has started foreclosure proceedings, but delayed pressing the claim until this ownership issue is resolved. Plaintiff has indicated he will bring the mortgages current if he becomes sole owner of the property.
The court concludes that a sale is the only practical and equitable resolution of the co-ownership and it will best promote the interests of the owners.
Accordingly, partition by sale is ordered, Attorney John Berman of West Hartford is appointed committee and he is ordered to sell the premises by public auction on December 7, 1991 at noon, advertisement of the sale to be placed in the Hartford Courant on November 24 and December 1, 1991, and a sign to be placed on the premises on November 1, 1991.
SATTER, J. STATE TRIAL REFEREE