[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a companion case to an action for cancellation of a deed conveying a one-half interest in the property that is the subject of this action. [WILFRED MITCHELL V. SCOTT MITCHELL, ET AL., Docket No. CV90-0302388S.] The plaintiff in this action, Lynda Maggi, has a one-half interest as tenant in common with her brother, Scott Mitchell. The property was originally owned by Wilfred Mitchell and his wife, Linda A. Mitchell, in survivorship. In May, 1987, Linda Mitchell severed the survivorship interest so that the property was then held as tenants in common. When Linda Mitchell died on November 26, 1988, her one-half interest was devised to her children, Lynda Maggi and Scott Mitchell. On December 2, 1988, Wilfred Mitchell deeded his one-half interest in the subject property to Lynda Maggi and Scott Mitchell. Wilfred Mitchell resides in the residence on the property. He was promised life use of the property when he conveyed his one-half interest to his children. The family relationship has since deteriorated and Lynda Maggi has brought this action for partition.
All of the persons with an interest in the property have been made parties. The validity of the mortgage of Danbury Savings and Loan Association and that it has first priority in the proceeds of sale of the property was stipulated to at the trial.
In the companion case, the court has passed title by decree under section 52-22 of the General Statutes, restoring Wilfred Mitchell's one-half interest in the property. As a result, Wilfred Mitchell owns a one-half interest as tenant in common with the estate of Linda A. Mitchell. While the estate is still in probate, Scott Mitchell and Lynda Maggi have a one-half interest in the property as devisees under the will of Linda A. Mitchell. This interest vested upon the decedent's death on November 26, 1988, subject to the estate proceedings. The amended complaint alleges and the defendants admit that the probate court proceedings on the decedent's estate have not been concluded.
Since Lynda Maggi has a one-quarter interest in the property, she has standing to bring a partition action under section 52-495 of the General Statutes. In determining whether a partition in kind of property owned by tenants in common is in the best interests of the owners, the consequences must be compared with those of a partition by sale. Delfino v. Vealencis, 181 Conn. 533, 536. A partition by sale can be ordered when the physical attributes CT Page 1701 of the land are such that a partition in kind is impracticable or inequitable, and the interests of the owners would better be promoted by a partition by sale. Id., 537, 538. A sale is allowed under section 52-500 of the General Statutes in a proper case. The property here is a small lot in Danbury with a residence on it. It is not suitable for a partition in kind. While section 52-503 of the General Statutes does not prevent partition or sale of property when an estate in settlement owns only a fractional interest in the property, Freedman v. Kociper, 19 Conn. Sup. 419, the court must consider the interest of all the tenants in common in a partition action. Delfino v. Vealencis, supra, 543; Lyon v. Wilcox, 98 Conn. 393, 395-96.
Several factors indicate that a prompt sale is not in the best interests of all the parties. Their interest; in the property were uncertain prior to the decree in the companion case. The estate has not been settled, and the rights of the parties may be indirectly affected by the estate proceedings. The property has been the family home and Wilfred Mitchell still resides there. Market conditions are not favorable for an immediate sale. Delaying the time of the sale may also allow the parties to arrive at a mutually acceptable arrangement for disposition of the property.
The court has discretion under section 52-502 of the General Statutes to enter appropriate orders to protect the parties and effectuate a sale. A partition by sale is ordered, but there shall be a stay of execution on the judgment until August 1, 1992. The parties shall return to court for appointment of a committee and other suitable orders for the sale in July, 1992. Until the property is sold, Wilfred Mitchell shall have the right to occupy it. During that time he shall pay the first mortgage on the property, but his children shall reimburse him for their share of any principal payments on the mortgage at the time the property is sold. The parties shall be responsible for their fractional share of any taxes, insurance or improvements. Wilfred Mitchell shall be responsible for any repairs costing less than $300, but any repairs over $300 shall be divided based on the fractional interests of the parties to the property. When the property is sold, after payment of the committee expenses, the first mortgage and any other encumbrances on the property, the net proceeds shall be divided subject to the adjustments previously stated so that Wilfred Mitchell receives one-half of the net proceeds and Lynda Maggi and Scott Mitchell each receive one-quarter of the net proceeds.
ROBERT A. FULLER, JUDGE CT Page 1702