[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Robert H. Blouin and Jean A. Blouin, have filed objections and exceptions to the report of the attorney trial referee who tried this case with their consent and the consent of the defendant, Robert F. Blouin, pursuant to 52-434
C.G.S.
The plaintiffs seek the sale pursuant to 52-500 C.G.S. of a property at 38 Green Hill Road in Madison, Connecticut which includes a house and an outbuilding. The complaint alleges that on January 17, 1992 the court, Healey, J., granted the defendant, who is the father of plaintiff Robert H. Blouin, a life interest in the house on the premises. The plaintiffs allege that they are the owners of the fee of the land and the remaindermen after the expiration of the life interest in the dwelling.
The partition action, brought pursuant to 52-500 C.G.S., seeks a sale of the entire premises and a division of proceeds after expenses of sale according to the parties' respective interests in the property.
After hearing the evidence, the attorney trial referee issued a report, followed by an amended report, recommending that the facts did not warrant a court order of sale of the parties' interests in the property.
The plaintiff has filed exceptions to the refusal of the CT Page 5061 attorney trial referee to find certain facts as proposed by the plaintiffs in their motion to correct his report. These requested corrections reflect details concerning prior negotiations between the parties and information concerning zoning enforcement against the use of the outbuilding for business purposes. It is clear that the attorney trial referee refused to correct his report to add these details because the basis for his recommendation to the court is not affected by any of the details proffered. Rather, the attorney trial referee urges the court that sale will not promote the interest of the parties where one of the parties is an elderly man whose interest is a life interest in a dwelling which was awarded by the court as a result of litigation concluded in 1992.
The plaintiffs' objections to the report are: 1) that the referee's findings and conclusions are not properly reached on the basis of the subordinate facts found, 2) that his conclusions are erroneous as to law, and 3) that he erred in failing to make the requested corrections.
The referee found that the plaintiffs own the land at issue, that they had built a house on it as a residence for the defendant, who contributed some funds toward construction, that the plaintiffs wish to sell the property for financial reasons, and that the defendant continues to use the house as his residence and does not wish to sell it and relocate, having secured, in January 1992 in Blouin v. Blouin, 89-0285774 (J.D. New Haven), a right to reside in the house for life or until he is "no longer physically or mentally able to take care of himself," plus an easement for ingress and egress by himself and his invitees. The referee found that the defendant wished to continue to live in his home and opposed a sale. The life interest of the defendant does not include any right of his heirs as remaindermen.
The attorney trial referee concluded that a sale would not promote the interests of all three parties and for that reason recommended judgment for the defendant.
The court finds that the attorney trial referee has reached the right result, but that the result is compelled by the unavailability of the remedy of partition in the circumstances presented.
Though the plaintiffs invoke 52-500 C.G.S. as if it were CT Page 5062 free-standing remedy for resolving disputes concerning property in which more than one party has an interest, case law indicates that 52-500 is part of the remedy of partition, and is an enactment governing the circumstance where partition by parts is not an appropriate means of dividing the interests of joint owners. As the Supreme Court explained in Wilcox v. Willard Shopping Center Associates, 208 Conn. 318, 325 (1988):
 General Statutes 52-495 confers an absolute right of partition upon any person holding property as a tenant in common with others. Delfina v. Vealencis, 181 Conn. 533, 536-7, 436 A.2d 27 (1980). In those cases where the court finds that a sale of the property would better promote the interests of the owners, the court may order such a sale. General Statutes 52-500.
In Delfino v. Vealencis, supra, at 537, the Supreme Court explained that the provisions of 52-500 were enacted as an expansion of the right of partition, to address situations in which partition by parts was impractical, not to create a remedy separate from partition:
 [t]he statute giving the power of sale introduces . . . no new principles; it provides only for an emergency when a division cannot be well made, in any other way. The Earl of Clarendon v. Hornby, 1 P.Wms. 446.4 Kent's Com., 365; Richard v. Monson, 23 Conn. 94, 97
(1854).
Since 52-500 C.G.S. must be read only as establishing an option where partition by parts is an unsatisfactory remedy, the court must determine whether, in the case of the life interest shown, partition is even an available remedy. Section 52-495
C.G.S. provides that courts of equity "may, upon the complaint of any person interested, order partition of any real property held in joint tenancy, tenancy in common, coparcenary or by tenants in tail." [Emphasis supplied.]
(A coparcenary estate occurs where several persons take by descent from the same ancestor as one heir. Black's Law Dictionary (6th ed.) 1990.)
The allegations of the complaint and the findings of the referee establish that none of the circumstances described in CT Page 506352-495 C.G.S. exist in this case. The parties are not all joint tenants, tenants in common, coparcenaries, or tenants in tail.
Section 52-500(b) C.G.S. extends the availability of a court-ordered partition by sale to situations in which the land is "owned by two or more persons, when the whole or a part of the land is vested in any person for life with remainder to his heirs, general or special, or, on failure of the heirs, to any other person, whether the land, or any part thereof, is held in trust or otherwise." Because the defendant's life interest is merely a personal life interest, with no provision for succession to that interest by his heirs, the situation is not one in which a sale is authorized either by 52-500 or by 52-495.
Here, as in Penfield v. Jarvis, 175 Conn. 463 (1973), the particular interests of the parties in the property at issue do not come within the statutory provisions authorizing the remedy of partition. In Penfield, a sole life tenant sought partition, and the Court concluded that because the plaintiff did not fall within what the Court termed "the narrow class covered by the statute," the remedy of partition was held to be unavailable. The Court cautioned that it was precluded from substituting "its own ideas of what might be a wise provision in place of a clear expression of legislative will." Penfield, supra, at 474-5, and that it could not extend the remedy of partition to situations not enumerated in the statutes.
The General Assembly amended 52-495 and -500 in 1982,P.A. 82-160, 185 and 190, without adding any provisions for partition in cases of life estates, other than those including rights of inheritance to the heirs of the holder of the life interest. The statutes simply do not provide for partition in cases in which one of the interests is a life interest with reversion to the other owners upon the expiration of the life interest. See 59A Am.Jur.2d Partition 34 n. 59, noting that in Connecticut, the right of partition is limited to certain classes of life tenants.
The court adopts the recommendation of the attorney trial referee that the equitable remedy of partition not be awarded, but for the reason that it does not appear that the remedy is authorized by the statute invoked under the circumstances found.
The objections and exceptions of the plaintiffs are overruled. Judgment shall enter in favor of the defendant, who CT Page 5064 shall recover his statutory court costs.
Beverly J. Hodgson Judge of the Superior Court