[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENTOF PARTITION BY SALE
This is an unhappy fact pattern of two siblings unwilling to remain in common ownership of a two family house purchased from their mother who provided a purchase money mortgage of $90,000 being paid out of rental income.
A memorandum in opposition to plaintiff's motion for summary judgment was filed, and the affidavit contained therein states only information relative to the severed count of the complaint dealing with an accounting as between the two owners. The mortgagee is also a party and she opposes partition by sale, and if possible, would even oppose partition by division.
The property in question is a two family house. The defendant argued at trial that rather than partition by sale, the court should order a partition by enforcing condominium ownership under the Common Interest Ownership Act (CIOA). Counsel for the defendant Higgins conceded at argument on the motion for summary judgment that if partition in kind through a judicially enforced condominium declaration were not possible, there was no reason to not grant partition by sale.
As our Supreme Court held in Wilcox v. Willard ShoppingCenter Associates, 208 Conn. 318, 327 (1988) "imposition of a condominium (in a partition action) is not legally possible." The right to partition is founded on the principle that no person can be compelled to remain the owner with another of real property, even if the party seeking partition willingly entered into the joint ownership. C.G.S. § 52-495 confers an absolute right of partition upon any person holding real property as a tenant in common with others. Delfino v. Vealencis, 181 Conn. 533, 536-37
(1980). If the court finds that a sale of the property would CT Page 5496-T better promote the interests of the owners, the court may order such a sale. C.G.S. § 52-500; Delfino v. Vealencis, supra, 536. Connecticut has long favored partition in kind, or physical division over partition by sale. Therefore, the burden of proof rests upon the party seeking a sale to demonstrate that it is the better remedy.
Satisfaction of this burden can only be carried by meeting two requirements: (1) The physical attributes of the property make partition in kind impracticable or inequitable; and (2) the interest of the owners would better be promoted by partition by sale. Borzencki v. Estate of Stakum, 195 Conn. 368, 372 (1985).Wilcox v. Willard Shopping Center Associates, supra, 325-326.
There can be no doubt that the property, a two family house, is of such a nature that its physical attributes make partition in kind impracticable and inequitable, once the possibility of a judicially enforced condominium creation is removed from the equation.
But for counsel's concession at oral argument, the court would be inclined to find that there is nothing in the motion for summary judgment that indicates that the interests of the owners would better be promoted by partition by sale. See, Garcia v.Rizzitelli, 6 CSCR 743, No. CV88-252468 Superior Court, Judicial District of Fairfield at Bridgeport (July 11, 1991, Flynn, J.). Since neither party's submissions deal with the equitable issues as to the interests of the parties, and since it is the proponent of the partition by sale who bears the burden of proof, the court would ordinarily deny the motion for summary judgment. However, at oral argument it was conceded that the only issue for the court to decide was whether a condominium form of ownership is legally possible in the context of a judicially ordered partition in kind. Since that is the issue the parties have submitted for decision, and since that issue is clearly controlled by Wilcox v.Willard Shopping Center Associates, supra, 208 Conn. 318, the court will grant plaintiff's motion for summary judgment of partition by sale.
Plaintiff is directed to claim the case for short calendar at which time whatever judge is hearing the short calendar can set terms of the sale, together with the naming of a Committee, and possibly requiring a deposit for payment of Committee fees. SeeZdon v. O'Neal, No. 67851 (May 17, 1993, J. Walsh). CT Page 5496-U
Koletsky, J.