[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties in this case each have fractional interests in a parcel of land known as 519 Spring Street, Windsor Locks, Connecticut. The parcel consists of 8.93 acres and is located in a business zone. The plaintiffs are Dorothy Africano and her three children who own a one-half interest and the defendants are Sandra Africano Dixon and her three children who own the remaining one-half interest. Dorothy Africano and Sandra Africano Dixon each own an undivided one-fourth interest while their children each own an undivided one-twelfth interest. The plaintiffs have brought an action, pursuant to Section 52-495 of the General Statutes, seeking a partition of the real estate according to the respective rights of the parties and claim that a partition by sale would better promote the varying interests of the co-owner.
A hearing was held by the court on August 24, 1999. The parties stipulated that the fair market value of the property is three hundred forty-nine thousand ($349,000) dollars. They further stipulated as to the fractional percentages of ownership, that the various owners were all heirs to the property as well as to the introduction into evidence of an aerial town map of the property. The court heard testimony from two real estate appraisers as to the feasibility of dividing the property into two or three parcels and the impact such division would have on value. The court also heard testimony from Arlene Langone, a plaintiff herein, and owner of a one-twelfth (1/12th) interest who testified that she wishes to liquidate her interest in the CT Page 12618 parcel. Finally, Sandra Africano Dixon, a defendant, and owner of a one-fourth (1/4th) interest testified that she and the other defendants, all of whom are her children, wish to keep the property in the family and are therefore seeking a partition in kind.
 Section 52-500 of the General Statutes provides in relevant part as follows:
 (a) Any court of equitable jurisdiction may, upon the complaint of any person interested, order the sale of any property, real or personal, owned by two or more persons, when in the opinion of the court, a sale will better promote the interests of the owners.
According to the Supreme Court, "a partition by sale [as opposed to a partition in kind] should be ordered only when two conditions are satisfied: (1) the physical attributes of the land are such that a partition is impracticable or inequitable . . . and (2) the interests of the owners would be better promoted by a partition for sale." Delfino v. Vealencis, 181 Conn. 533, 537-38
(1980).
The expert testimony revealed that there has been no survey, environmental, engineering, wetlands or other studies done in connection with this property all of which may impact on its marketability either in whole or in part. Consequently, neither expert was able to say how much of the property was capable of development. The undisputed testimony also indicated that although there is 710' of frontage along Spring Street, the entire rear portion of the parcel consists of slopes which are likely to prove to be undevelopable.
Because there is agreement between the parties as to the value of the property as a single parcel and substantial uncertainty as to the value of the property if divided, there is no basis for the court to conclude that the property, given its physical attributes could be fairly or equitably partitioned in kind. Rather, the court finds by a preponderance of the evidence that partition of this property in kind is impracticable and, more likely than not, to be inequitable and that the diverse interests of the owners will best be promoted by a partition by sale.
Accordingly, the court hereby orders a partition by sale and the appointment of a committee for that purpose. The proceeds of CT Page 12619 the sale are to be divided in accordance with the respective rights of the co-owners, after payment of the expenses of the sale as well as any documented monies owed to Dorothy Africano Dixon in connection with her outstanding mortgage and other expenses that may be due her in connection with the property.
Peck, J.